# Hubbard, Price & Co. v. Sayre.

*Bill in Equity to vacate Deed.*

1. *Future contracts; when deed made in payment of broker's commissions and advances valid.*—Where contracts for the purchase and sale of cotton futures are made through brokers who have no interest in the contracts, except to realize their commissions, which are payable in any event, and to be reimbursed any advances they may make for their principal, the person making said contract, in the absence of a statute pronouncing such future contracts illegal and void, is bound to reimburse the broker for advances made for him, if he subsequently promises to pay them, or, with full knowledge of the facts, permits the transactions to proceed without objection; and a deed given such broker in payment of his commissions and for advances made by him in carrying on such transactions is not invalid.

2. *Validity of contract determined by the law of place of performance.* The force and validity of a contract made in this State, but in the performance of which all acts and transactions were contemplated and were in fact done and performed in another State, must be determined by the law of that State; and where the purchase and sale of cotton futures by a resident of this State is carried on, under contract, through brokers in New York, the validity of such transactions is governed by the law of New York.

3. *Same; same; validity of deed.*—The validity of a deed given by a resident of Alabama, conveying lands situated in such State, in payment of commissions earned and advances made by a broker in New York, in the purchase and sale of cotton futures, is to be determined by the law of New York.

4. *Husband and wife; wife may convey her property in payment of her husband's debts.*—Under the constitutional and statutory provisions of the State, relating to the rights of conveyance by a married woman of her statutory separate property, (Const., Art. X, § 6, Code, §§ 2341-2349), a married woman, induced by no improper influence exerted upon her, may, by the joint conveyance of her herself and her husband, execute a valid conveyance of her land in payment of her husband's debts.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. THOMAS M. ARRINGTON.

The bill in this case was filed by the appellee, Ella A. Sayre, to have cancelled and set aside a deed of convey-

ance of her land, executed by herself and her husband, Calvin Sayre, to .Hubbard, Price & Co., on the ground that the consideration of the deed was a gambling debt contracted by her husband, Calvin Sayre. Hubbard, Price & Co. and Calvin Sayre were made parties to the bill. The facts of the case are sufficiently stated in the opinion. On the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and so ordered. Hubbard, Price & Co. prosecute this appeal, and assign as error this decree of the chancellor.

W. A. GUNTER, for appellant.—1. All the transactions involved in this controversy were made under and according to the rules of the cotton exchange of New York, which contemplated and provided for the delivery of actual cotton. Hubbard, Price & Co. were only agents, or brokers, and made no transactions on their own account with Sayre. The evidence is all against any illegality.—*Clark v. Foss*, 7 Biss. 540 ; *Bibb v. Allen*, 149 U. S. 481 ; *Lehman Brothers v. Strassburger*, 2 Wood's Rep. 562. Here the suit is to recover money or thing paid to the agent "for money advanced and services performed for the principal," and not for money or thing lost on a wager and paid to the party winning. And, therefore, the case is not within the terms of the statute providing for the recovery of money lost on a wager.

2. The complainant had the right to convey her property in payment of her husband's debt.—Code, § 2346 ; *Scott v. Cotton*, 91 Ala. 628.

3. The bill does not show what was the contract or dealing between Sayre and his wife, and is not filed to set aside any such dealing. The exercise of undue influence to accomplish anything, by a party sustaining a confidential relation, or as to that matter by any one, is a fraud. And to plead fraud the facts in respect thereto must be precisely alleged.—*Flewellen v. Crane*, 58 Ala. 627 ; *Pickett v. Pipkin*, 64 Ala. 520; *Morgan v. Morgan*, 68 Ala. 80; *Chamberlain v. Dowance*, 69 Ala. 40; *U. S. v. Atherton*, 102 U. S. 372; *Patton v. Taylor*, 7 How. 132 ; *Voorhees v. Bonestead*, 16 Wall. 16.

4. The wife did not, in the transaction involved in this controversy, become the surety for her husband, which was forbidden by section 2349 of the Code. Under

section 2346 of the Code, the wife had the right and could execute a valid conveyance of her property in payment of her husband's debts.—*Lockwood v. Tate*, 96 Ala. 353; *Holt v. Agnew*, 67 Ala. 367.

5.　Complainant having induced Hubbard, Price & Co., by her assurance that the title was all right, to accept the property and release her husband, is estopped to set up any claim of her own to the property.—*Dickerson v. Colgrove*, 100 U. S. 578; *Moore v. Nye*, 21 N. Y. Sup. 578; *Stinchfield v. Emerson*, 83 Amer. Dec. 524, note; *Maple v. Kussart*, 91 Amer. Dec. 214.

TOMPKINS & TROY and GORDON MACDONALD, *contra*.— 1.　The transactions which led up to the execution of the deed in this case, were gambling contracts, and, therefore, it was void.—*In re Green*, 7 Biss. 338; *Melchert v. W. U. T. Co.*, 11 Fed. Rep. 193; *Barnard v. Backhaus*, 9 N. W. Rep. 593; Dewey on Future Contracts, 28, note 1.

2.　Under the provisions of section 2349 of the Code of Alabama, the deed from complainant to the defendant was void.　The deed was made by the complainant at the solicitation of her husband for his sole benefit, and she derived nothing whatever from the sale, and the only consideration for the sale was a gambling debt of her husband.　The following authorities upon dealings between parties standing in confidential or fiduciary relations are respectfully cited as sustaining the views, presented by appellee.—*Huguenin v. Basely*, 2 Lead. Cas. in Eq., 1156; *Jackson v. Harris*, 66 Ala. 567; *Noble v. Moses*, 81 Ala. 531; *Ferguson v. Lowery*, 54 Ala. 512.

HEAD, J.—Hubbard, Price & Co., the defendants to this bill and appellants here, are cotton brokers in New York city, engaged in buying and selling for commissions cotton in the New York Exchange, for customers, for future delivery, and on the spot.　Calvin Sayre, the husband of appellee, in 1887, resided in Montgomery, Ala.　John S. Ernest was the southern agent and representative of Hubbard, Price & Co.　In 1887, Ernest entered into arrangements with Sayre for the carrying on by his principals, in New York, of cotton speculations for Sayre, consisting of buying and selling cotton futures.　The operations began, and during that year,

1887, some 15,000 or 20,000 bales were bought and sold, the transactions resulting, variously, in profits and losses. Hubbard, Price & Co. made advances for Sayre, when necessary, to keep up his contracts, or cover his losses. They had no interest in the dealings, except their stipulated commissions, and interest on their advances. When the operations closed, in the latter part of the year, it was found Sayre was indebted to H., P. & Co. for commissions and advances, in some $8,000 or $10,000. Ernest went to Montgomery, on the 26th day of October, 1887, and had a settlement with Sayre, and received from him, in full payment and acquittance of the debt, $3,000 in money, and a conveyance executed by him and his wife, the appellee, to H., P. Co., conveying the lots of land described in the bill, situated in Montgomery. This land had belonged to Calvin Sayre, but on the 8th day of June, 1887, before any losses had occurred to him in the cotton speculations, he made a voluntary conveyance of it to his wife, the appellee. It is insisted by appellants' counsel that there is no legal evidence of this conveyance. The bill sets out as an exhibit what is alleged to be a copy of the deed, but the exhibit is not formally proved, nor is the deed introduced in evidence. The appellants, however, suffered Sayre to testify, without objection, that he had made a deed of the lot to his wife about that time. It must, therefore, be regarded as proved. We think the evidence sufficiently shows that Ernest knew the lot belonged to Mrs. Sayre, when he took the deed from her and her husband. This bill is filed by Mrs. Sayre to vacate the conveyance to Hubbard, Price & Co., alleging that the indebtedness, to pay which it was executed, grew out of purely gambling transactions between them and her husband, by reason of the fact that the cotton speculations were carried on with the understanding and intent, on the part of both parties, that Sayre should neither actually deliver nor receive any cotton sold or bought, but that profits and losses should be settled by payment of differences between contract and market prices, at the times fictitiously stipulated for delivery. There is issue between the parties upon these allegations as to the character of the transactions, and evidence introduced by both to maintain it upon their respective parts; but, as the case is presented to us, we

deem it unnecessary to decide it. We have seen that Hubbard, Price & Co. were brokers merely in the transactions, and had no interest in the contract they made with others for Sayre, except to realize their commissions and be reimbursed their advances. In the absence of a statute of New York declaring the transactions (if they were such as the bill alleges) void, by the principles of the common law, which we presume prevails in New York, the broker is entitled to recover his commissions and advances, although by the common law, such transactions are void as against public policy, if the principal subsequently promises to pay them, or with full knowledge of the facts, without objection, he permits the transactions to proceed. This was decided in *Hawley v. Bibb*, 69 Ala. 52, where we said : "The general rule is, that even when such contracts are, in fact, wagers, if in them the broker or agent has no interest ; if in any event he can not gain or lose ; whether there is profit or loss, he is entitled to his commissons only, the principal is bound to reimburse him for advances, if he subsequently executes his note or bill, or makes an express promise to pay them; or, if with full knowledge of the facts, without objection, he permits the transaction to proceed, if there be not a statute pronouncing the transaction illegal and void." Citing a number of authorities. There is no allegation in the bill of the existence of any statute upon the subject in New York. There was introduced in evidence what purports to be such a statute, but we can not consider it. We can not act upon proof without corresponding allegations ; and this applies to foreign statutes.—*Cockrell v. Gurley*, 32 Ala. 405 ; *Gunn v. Howell*, 27 Ala. 663. The validity of the transactions assailed in the present case is governed by the law of New York.—*Hawley v. Bibb*, 69 Ala. 52, *supra*. And we presume that to be the common law. Sayre being, under that law and the facts of this case, liable to an action for the recovery of the commissions and advances any payment thereof made by him would be unassailable.

It is contended by appellants' counsel that, under the provisions of the present married woman's law of this State, (Code, §§ 2341 *et seq*.), a wife—the husband joining with her—may convey her separate property upon no other consideration than the payment of the husband's

[Hubbard, Price & Co. v. Sayre.]

debt. The only provisions .which may possibly bear upon the subject are the following : Cons. 1875, Art. X, § 6 : "The real and personal property of any female in this State acquired before marriage, and all property, real and personal, to which she may be afterwards entitled by gift, grant, inheritance or devise, shall be and remain the separate estate and property of such female, and shall not be liable for any debts, obligations and engagements of her husband, and may be devised or bequeathed by her the same as if she were a *feme sole.*" Section 2346 of the Code : "The wife has full legal capacity of contract, in writing, as if she were sole, with the assent or concurrence of the husband expressed in writing." Section 2348 : "The wife," except under certain conditions, "can not alienate her lands, or any interest therein, without the assent and concurrence of the husband, the assent and concurrence of the husband to be manifested by his joining in the alienation in the mode prescribed by law for the execution of conveyances of land." Section 2349 : "The husband and wife may contract with each other, but all contracts into which they enter are subject to the rules of law as to contracts by and between persons standing in confidential relations ; but the wife shall not, directly or indirectly, become the surety for the husband."

We have carefully considered the decisions of this court, in the cases of *Holt v. Agnew*, 67 Ala. 360, and *Perryman v. Greer*, 39 Ala. 133, and are convinced that the principles there declared are applicable, under the consitutional and statutory provisions above copied. These provisions, as we have seen, authorize the wife, generally, to dispose of her property by the joint deed of herself and husband. Unlike the former statute, which authorized such dispositions for reinvestment only, and hence only for the use and benefit of the wife, there is in the present statute, no expression of a purpose or consideration, for or upon which the capacity is conferred, or limitation of any kind upon its exercise, except the requirement of the assent and concurrence of the husband manifested by his joining with her in the conveyance. The fact that, in changing the law, provisions which secured the proceeds of a sale still to the use of the wife, by requiring their reinvestment in other property for her, were omitted, is indicative of the legislative in-

tent that sales might be made upon any valuable consideration without restriction or limitation upon its character—whether enuring to the wife or another. We refer to the ample discussion of the subject in *Holt v. Agnew*, 67 Ala. 360, *supra*, and, following what is there is said, hold that the wife, induced by no improper influence exerted upon her, may, by the joint conveyance of herself and husband, dispose of her lands in payment of her husband's debt.

There is neither allegation nor proof of fraud or undue influence in the present case. If the transaction be regarded as a contract between husband and wife, within the meaning of section 2349 of the Code, in respect of which the relation of trust and confidence is declared to exist, it appears that the wife acted willingly, with full knowledge of all the facts. The deed itself discloses that its consideration was the payment of the husband's debt arising on cotton contracts or for cotton purchased prior to its date. We see no element of a suretyship by the wife for the husband.

The decree of the chancellor must be reversed and the cause remanded.

Reversed and remanded.

