# Pratt Land & Improvement Co. *et al.* *v.* McClain.

## *Bill in Equity for the Cancellation of Deeds.*

1. *Cancellation of deeds; what necessary when duress relied upon.* In order to authorize the cancellation of a deed upon the ground of duress exercised upon the grantor, it is necessary to aver and show that the conveyance was procured by the duress complained of, without the grantor being influenced in any other way; and, therefore, on a bill filed seeking to cancel a deed upon the ground of duress, which, after averring that it was procured by coercive influence, further avers false

[Pratt Land & Improvement Co. *et al.* v. McClain.]

promises made to the grantor as to the use by her of the purchase money, such bill is subject to demurrer; it not appearing that the deed was procured solely by the duress complained of, and uninfluenced by the promises as to the use by the complainant of the purchase money and her expectation to so use it.

2. *Cancellation of deed for fraud; what necessary to be averred.*—On a bill in equity filed seeking the cancellation of a deed upon th ground of fraud practiced in the procurement of it, mere averments of conclusion as to the existence of fraud are insufficient, and it is necessary to aver and show facts from which fraud is the legal result; and, further, it is necessary to aver and show by the evidence that the grantors in said deed participated in the fraud complained of, or had notice of it, either actual or constructive, before paying the purchase money.

3. *Vendor and purchaser; when failure to disclose value of land not fraudulent.*—Where there are no peculiar circumstances, such as confidential or fiduciary relations existing between the vendor and purchaser, which call for such disclosure, a purchaser having superior judgment of the value of the lands being sold, does not commit fraud merely by purchasing them without disclosing his knowledge of the value.

4. *Husband and wife; conveyance of wife in payment of husband's debt valid.*—Although, under the statute, a married woman can not convey her property as security for her husband's debt, a conveyance by her of her land in absolute payment of her husband's debt, is valid.

5. *Equity pleading; laches need not be negatived in bill.*—On a bill seeking the cancellation of a deed, it is not necessary for the complainant to negative in the bill the existence of laches; laches being defensive matter.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. W. W. WILKERSON.

The bill in this case was filed by the appellee, Ida E. McClain, against the Pratt Land & Improvement Company and Joe Martin, and sought the cancellation of a deed executed by the complainant and her husband, conveying her land to the defendant Martin, and also the cancellation of a deed executed by Martin, conveying the same land to the Pratt Land & Improvement Company. The grounds upon which the complainant claims relief,

as averred in the bill, are sufficiently stated in the opinion.

The respondent demurred to the bill upon several grounds, which may be summarized as follows: 1. The said bill of complaint fails to aver any fact constituting fraud on the part of the said Jos. Martin in obtaining said deed. 2. The said Jos. Martin was not under any legal obligation to disclose to the complainant that the lands conveyed by her to him had increased in value. 3. There is no averment in said bill of complaint that said Jos. Martin used the influence which it is alleged he had over complainant's husband for the purpose of perpetrating a fraud upon complainant in obtaining said deed from her. 4. Said bill of complaint fails to aver that the said Jos. Martin knew of the threats or persuasion or promise which it is alleged the husband of complainant used to persuade her to sign said deed, before the delivery of said deed and payment of the consideration. 5. The fact that the consideration mentioned in said deed was never paid as alleged in the bill of complaint, or a part of it, is not a circumstance tending to show that the deed was fraudulently obtained and would not justify the relief prayed for in the bill of complaint. 6. The bill of complaint does not aver any facts which would put the said Jos. Martin on inquiry as to the circumstances under which the said deed was executed by said complainant. 7. The bill of complaint fails to show that the said Jos. Martin either participated in or knew or was chargeable with notice of the alleged fraudulent acts of complainant's husband in inducing her to sign said deed at the time he accepted same and paid the purchase money. 8. Non-payment of the purchase money mentioned in said deed either in whole or in part would not be any evidence of fraud or authorize the court to set aside said deed as fraudulent as against complainant. 9. There are no facts averred in the bill of complaint that show that the Pratt Land & Improvement Company either participated in, knew of, or was charged with notice of the alleged fraud that was perpetrated on complainant. 10. It is consistent with the averments of the bill of complaint that the Pratt Land & Improve-

[Pratt Land & Improvement Co. *et al.* v. McClain.]

ment Company, at the time it purchased said land from the defendant, Jos. Martin, was an innocent purchaser of said land for value without notice of any fraud, in the sale of land by complainant to said defendant, Jos. Martin.

On the submission of the cause upon the demurrers, the judge of the city court, sitting as chancellor, rendered a decree overruling them. From this decree the respondents appeal, and assign the rendition thereof as error.

W. I. GRUBB, for appellant, cited 11 Am. & Eng. Ency. Law, 321; 2 Devlin on Deeds, § 834.

No counsel marked as appearing for appellee.

SHARPE, J.—By this bill complainant seeks the cancellation of two deeds—one executed by her and her husband conveying her land to defendant Martin, the other executed by Martin conveying the same land to the defendant corporation. Allegations are made of the husband's vicious temperament, of vicious conduct exhibited by him towards complainant to induce her execution of the deed to Martin, of fears engendered in her by that conduct and of false promises by him to allow complainant to use the purchase money of the land for the comfort of herself and children, and it is charged "that moved by these fears, and in part these promises of comfort for herself and children, she consented to sign the said deed." These averments would not warrant the granting of relief upon the theory that complainant's conveyance was procured by duress, for, apart from the question of how the defendant might be affected by the husband's exercise of coercive influence, that influence to afford a ground for avoiding the deed must of itself have impelled the execution of the deed, and *non constat* the alleged misconduct of the husband without his mere promises and the expectation on complainant's part of receiving the purchase money, would not have had such effect.

Before cancellation can be decreed for fraud prac-

ticed in the procurement of complainant's deed the bill
must aver facts from which fraud is the legal result, the
rule being that averments of conclusions are insuffi-
cient to raise an issue of fraud.—*Mountain v. Whitaker,*
103 Ala. 630; *Little v. Sterne,* 125 Ala. 609; *Warren v.
Hunt,* 114 Ala. 506. Furthermore, it is essential to be
shown by averment as well as proof that defendants par-
ticipated in the fraud, or had notice of it, actual or con-
structive, before paying for the land.—*Rogers v. Adams,*
66 Ala. 600; *Moses v. McDade,* 58 Ala. 211; *Moog v.
Strang,* 69 Ala. 98.

There are averments to effect that defendant Martin
"is the active agent" of the defendant corporation; that
complainant though living in the vicinity did not know
her property was rapidly increasing in value by reason
of improvements in the nearby city and that "this
fact was also carefully concealed from her by her said
husband and said Joe Martin purposely as she believes
and charges in order that they might obtain from her as
they did obtain by fraud and coercion and deceit the
deed," etc. It is observed that in these averments apart
from the mere conclusion that Martin obtained the deed
by fraud, nothing more is charged against Martin than
that he did not inform complainant of the value of the
conditions affecting the value of her land. Whatever
moral or ethical duty may have rested on Martin to
furnish complainant such information, he is not shown
to have been under the legal obligation to do so. Ordi-
narily when there are no peculiar circumstances calling
for disclosures, as where some confidential or fiduciary
relation exists between the parties, a purchaser though
having superior judgment of values, does not commit
fraud merely by purchasing without disclosing his
knowledge of value.

Elsewhere the bill refers to the husband's bad habits,
and ill treatment of his family, and in that connection
complainant alleges "she believes that the said Joe Mar-
tin had often heard of this overbearing conduct of her
husband and knowing his vicious temperament and dis-
solute life, and that the said Joe Martin had great in-

fluence over her said husband, and no doubt, as your oratrix believes, used such influence to effect and perpetrate the fraud upon your oratrix by obtaining the said deed." This charges nothing material. Complainant's belief is not an issuable matter or a matter giving rise to an inference of fraud.

Complainant further charges "that said consideration named in said deed was never paid, but as she is informed and believes about two hundred and fifty dollars was paid to her said husband, largely by an old account due from her said husband to said Joe Martin; that even the said four hundred dollars was an inadequate price for the property, and the whole transaction was a fraud on your oratrix, and a deprivation of her rights by the tyranny and oppression of her husband of which the said Land Company had notice through the said Joe Martin, who procured and obtained said deed for the purpose of putting it into the lists of the property of said corporation. Your oratrix further charges that the said Joe Martin either knew, or had facts to put him on inquiry at the time her said husband delivered him the said deed, conveying or attempting to convey her said interest as aforesaid, that the said Fred A. McClain was a man of dissolute habits and he was in the habit of tyrannizing over your oratrix, or that the said Joe Martin knew of facts which would have put him upon inquiry whether she had been imposed upon and forced by her said husband to execute said deed, and knowing as he did that it was a fraud upon your oratrix's rights to pay her said husband for said land by an old account, and in a less sum, nearly one-half less, than was named in said deed, and knowing also that the said land, so being conveyed, was at that time worth at least, to-wit, forty or fifty dollars an acre, and was daily enhancing in value, and that such sale as was then being made was in fraud of her rights, and taking advantage of her situation and her ignorance in the premises, and that such conduct on his part should render such conveyance null and void in his hands, and in the possession of those who are his associates in the Pratt Land & Improvement Company."

Here again fraud is alleged as a conclusion, as is also notice of the fraud. The facts relied on as imputing constructive notice to defendants should have been stated so that their effect, as imparting notice or not, could have been determined by the court, and so as to inform defendants of what they were called on to disprove. That the husband was dissolute and was tyrannical towards complainant, did not indicate that complainant was unwilling to make the trade, or that her husband favored it to an extent which would lead him to practice a fraud upon her, and, therefore, Martin's knowledge of the husband's disposition was not of itself sufficient to put him on inquiry respecting the alleged wrongdoing of the husband, if he was not otherwise in complicity with that wrong.

For non-payment of purchase money, the remedy is not by cancellation of the deed. The bill is not appropriate to enforce payment for the land, and apparently such is not its purpose. The mere fact that the debt of the husband was paid by the sale does not make the conveyance void. Though the statute impliedly forbids a conveyance of a married woman's property as security for her husband's debt, such conveyance may be made in absolute payment of such debt.—*Giddens v. Powell*, 108 Ala. 621; *Hubbard v. Sayre*, 105 Ala. 440.

If the bill could be considered as sufficiently charging fraud against Martin, it would still want averments to bind the defendant corporation by acts of his or on account of notice to him. The averments that the corporation *is* composed of him and others and that he *is* the active agent, apparently have reference to Martin's relations to the company as they were when the bill was filed, and do not indicate that those relations existed when he bought and transferred to the company, nor does the averment that he "obtained the deed for the purpose of putting it into the list of the property of said corporation," show that he was then acting for and in behalf of the corporation.

For the defects to which we have referred the bill was subject to the demurrer.

[Gillham *et al.* v. Walker *et al.*]

The doctrine of *laches* is founded on the inequity of allowing a party claiming a right to avoid or affirm a transaction, to unnecessarily hold the right in abeyance, either to be enlightened by subsequent happenings as to how he will elect, or so that he will acquire an undue advantage over the other party by reason of changed conditions. Hence what delay in bringing suit short of the statutory limitation, will constitute *laches,* is usually to be determined from what has occurred since the transaction involved, rather than from mere lapse of time. If the status of these parties or of the property has altered by reason of delay in filing this bill, that fact is not apparent from the bill, and *laches* being defensive matter, need not be negatived by the bill. *Scruggs v. Decatur Land Co.,* 86 Ala. 173. That complainant has waited before suing for nearly three years, would not of itself preclude relief, if apart from that consideration the case presented were such as to call for relief.—See *First National Bank v. Nelson,* 106 Ala. 535; *Shorter v. Smith,* 56 Ala. 208, and *Scrugg's case, supra.*

The decree appealed from will be reversed, and one will be here rendered sustaining the demurrers to the bill.

Reversed, rendered and remanded.