## SHRIVER *et al.* v. STATE.

No. 1450.   Opinion Filed January 16, 1912.

Rehearing Denied March 19, 1912.

(122 Pac. 160.)

1. **BAIL—Jurisdiction—Committing Magistrate.** A magistrate, before whom the preliminary examination of a person charged with a felony is held, has jurisdiction to require the person to enter into a bond conditioned for his appearance before the district court to answer the charge, and to abide the order and judgment of the court, and to make like appearance from day to day at said term of court, and at each successive term until the cause is finally disposed of.

2. **SAME—Return of Indictment—Arresting Principal.** It is in the discretion of the district court whether it shall order a defendant on bail to be taken into custody after indictment is returned, and the sureties on a bail bond are not discharged by reason of the fact that the court does not require the principal to be taken into custody when an indictment is returned or information filed.

3. **SAME—Conditions of Bond—Performance.** The condition in a bond that the principal will appear before the district court to answer a charge is not fulfilled by appearing for arraignment, and moving to set aside the indictment, demurring, or pleading thereto. He must stay until the case is disposed of, and he is discharged by the court.

4. **SAME—Action on Bond—Defenses.** It is not a defense in favor of the sureties on a, forfeited bond in an action on the bond that they had not justified as to their qualifications, as provided in section 7108, Comp. Laws 1909.

5. **SAME—Pleading.** It is not necessary, in a suit on a bail bond, to set out a copy of the charge to answer which the bond was given, nor to set out a copy of the order forfeiting the bond.

(Syllabus by Rosser, C.)

*Error from District Court, Noble County;*
*Wm. M. Bowles, Judge.*

Action by the State against Arthur G. Shriver and others. Judgment for the State, and defendants bring error.   Affirmed.

*P. W. Cress, Weaver & Scothorn,* and *Carlisle & Edwards,* for plaintiffs in error.

*Charles R. Bostick,* Co. Atty., for the State.

Opinion by ROSSER, C. This is a suit on a forfeited bail bond, given by Arthur G. Shriver, as principal, and Gay E. Sharp, D. A. Shriver, and P. W. Burns, as sureties, in the penal sum of $500, conditioned as follows:

"That if the above bounden Arthur G. Shriver shall personally be and appear before the district court of Noble county, Oklahoma state, at the city of Perry in said district, county and state, on the first day of the next regular term of said court, then and there to answer a charge pending against Arthur G. Shriver in said court for the crime of larceny of domestic animals, and abide the order and judgment of said court, and make like appearance from day to day at said term of court, and at each successive term, or at such times as the court shall order or direct, until said cause shall finally be disposed of according to law, and do and receive what shall be enjoined by said court upon him, and not depart the said court without leave, then this obligation shall be void, otherwise to be and remain in full force and effect."

The petition alleged, in substance, the filing of a complaint in the county court of Noble county, charging the defendant with the offense of stealing domestic animals; that the defendant then and there appeared in open court and entered into a recognizance, conditioned that the said Arthur G. Shriver should appear in the district court of Noble county, state of Oklahoma, on the first day of the next term, then and there to answer the charge and abide the judgment of said court; that the recognizance was duly filed in the county court, and became a part of the records, and that Arthur G. Shriver was discharged from custody by reason of his giving the same, and that the recognizance was later filed in the district court of Noble county; that afterwards complaint was filed in the district court charging the defendant with the crime of stealing domestic animals; and that afterwards, on September 15, 1908, the defendant appeared in the district court, and said recognizance was, by the order and judgment of the district court, continued in force; that on the 5th of October, 1908, the same being a regular judicial day of the September, 1908, term of said court, the cause was called for trial, and Arthur G. Shriver was called three times in open

court, but came not, and that the defendants, the sureties, were also called three times in open court, and ordered to bring the body of the said Arthur G. Shriver into court, and save their recognizance, but came not, and made default, and that thereupon the recognizance was declared forfeited. The petition concluded with a prayer for judgment. The bond was set out in full as an exhibit and made a part of the petition.

The defendants demurred to the petition, and the demurrer was overruled. They then filed answer, consisting of a general denial. The plaintiff introduced testimony, and at the close of the plaintiff's testimony the defendants demurred to the evidence. Their demurrer was overruled, and they declined to introduce evidence, but elected to stand upon their demurrer. The court directed the jury to return a verdict for plaintiff, the state of Oklahoma, which was accordingly done, and judgment entered thereon. This appeal is taken from that judgment.

Defendants urge a number of grounds for reversal. It is contended that the committing magistrate only had jurisdiction to take a bond for the principal to answer, and that he had no power or jurisdiction to require the principal, after he had answered, to appear from day to day, or from term to term. They base their contention upon sections 6729, 6730, 6736, and 6737, Comp. Laws 1909. Section 6729 provides that the court may order defendant to be committed to actual custody, after indictment found, either without bail or unless he give bail in an increased amount. Section 6730 provides that, if the defendant is present when the order committing him is made, he must be forthwith committed accordingly.

It is contended by the defendants that these sections make it the duty of the court to place the defendant in custody, when an indictment or information is filed in the district court, even though he may have already given bail for his appearance in the district court.

These contentions cannot be upheld. Section 6729 leaves it within the discretion of the court as to whether or not the defendant should be committed. It provides that the court may

order the defendant to be committed, but does not require the court to commit a defendant who has already given bond, and the almost universal practice is to permit a defendant to remain or stand upon the bond given before the examining magistrate. Section 6736 provides that, if on the arraignment the defendant require it, he must be allowed until the next day, or such further time as may be allowed him, as the court may deem reasonable, to answer the indictment. Section 6737 provides that if the defendant does not require time, as provided in section 6736, or if he does, then on the next day, or at such further day as the court may have allowed him, he may, in answer to the arraignment, either move the court to set aside the indictment, or may demur or plead thereto.

They contend that, when a defendant answers by moving to set aside the indictment, demurring, or pleading, he has complied with the provision of the bond, and cannot be required to attend from day to day. In other words, their contention is that the order of the committing magistrate requiring any person to be held to answer a charge is complied with when he appears upon the one occasion to move to set aside, demur, or plead. Section 7112, Comp. Laws, 1909, is as follows:

"If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his appearance in court or before the magistrate may be lawfully required, or to surrender himself in execution of the judgment, the court may direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking of bail, or the money deposited instead of bail, as the case may be, is and shall be thereupon declared forfeited. But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. After the forfeiture, the district attorney must proceed with all diligence, by action against the bail upon the instrument so forfeited. If money deposited instead of bail be so forfeited, the clerk of the court or other officer with whom it is deposited, must immediately after the

final adjournment of the court, pay over the money deposited to the county treasurer."

This is a general provision as to the duty of a principal upon a bail bond or recognizance. The statute also provides (section 7105, Comp. Laws 1909) that:

"Bail, by sufficient sureties, shall be admitted upon all arrests in criminal cases where the offense is not punishable by death, and in such cases it may be taken by any of the persons or courts authorized by law to arrest or imprison offenders, or by the clerk of the district court or his deputy, or by the judge of such court."

The statute nowhere prescribes the form of the bond, but the form used in this case follows the customary form, and requires the principal to appear and abide the order and judgment of the court and make like appearance from day to day at the term of the court to which it was returnable, and each successive term. This condition was not complied with by merely appearing upon the one occasion for the purpose of demurring or pleading. *Glasgow v. State,* 41 Kan. 333, 21 Pac. 253; 3 Am. & Eng. Ency. (2d Ed.) 713.

Another contention of the defendant is that because the bond was not qualified to before the county judge, or the county court, the sureties are not liable. This position is not tenable. The provision of Comp. Laws 1909, sec. 7108, requiring the sureties to qualify upon the bond, was enacted for the benefit of the state, and not the sureties. It was for the purpose of enabling the officer taking the bond to know that the sureties were qualified, but, if the sureties did execute it, and the officer approving the bond was willing to waive this provision, they cannot take advantage of it.

In *State v. Baird,* 13 Idaho, 126, 89 Pac. 298, the court said:

"It is clear to us that the acknowledgment or justification of the sureties is not a part of the contract of the sureties to such bail bond, and in no manner affects the liability of the sureties. As we view it, the responsibility of the sureties attaches the minute the bond is accepted by the court or judge, regardless of whether there is an acknowledgment or justification attached to said bond."

See, also, *People v. Penniman*, 37 Cal. 271; *Kansas City v. Fagan*, 4 Kan. App. 796, 46 Pac. 1009. The cases cited by plaintiff in error in support of this proposition are not in point. The case of *Territory of Oklahoma ex rel. Thacker v. Woodring*, 15 Okla. 203, 82 Pac. 572, 1 L. R. A. (N. S.) 848, 6 Ann. Cas. 950, was one where the clerk of the district court took and approved a bond in a felony case, and it was held that, under the statute in force at that time, the clerk was not a proper party to approve the bond, and the bond not having been approved the sureties were not liable. The holding in no way conflicts with the view expressed here. The bond in this case was approved, and, if the county judge taking it was willing to waive the statutory requirements as to the justification by the sureties, they cannot complain. It would have been a different question had he never approved it. In that case it would not have had any validity. In fact, the principal would not have been discharged.

Defendants claim that the court erred in not requiring the plaintiff to set out a copy of the complaint in the district court, and to set out a copy of the order forfeiting the bond, and a copy of the order of the district court attempting to continue the bond in force after the first appearance of the defendant. None of these was necessary.

In *Rheinhart v. State*, 14 Kan. 318, Mr. Justice Brewer said:

"The specific objection is that it did not contain a copy of the order of the court declaring the forfeiture. Nor does it allege that such order was duly made. Neither of these is necessary."

It was not necessary for the court to make an order extending the bond in force, because it was extended in force by its own terms. Therefore it was not necessary to set out the order.

It is finally urged that the petition was demurrable because it did not allege that the bond had not been paid. There are some authorities cited by plaintiff in error sustaining this position, but without giving any reason for such a holding. If the presumption of law is that the bond had been paid, then it would be necessary to allege and prove that it had not been paid. On

the other hand, if the presumption is that it was not paid, then it is not necessary to allege or prove that fact. Certainly it would be strange to presume that the bond had been paid.. The presumption of fact should be the other way, because 90 times out of 100 the bond is not paid before suit is brought, and in a very large per cent. of the cases not then. The condition was that the principal would appear. The principal was in a sense in the custody of his sureties. When he failed to appear, and they failed to produce him, all were in default and the presumption would be that they remained in default. There is ample authority for holding that it is not necessary to allege that payment had not been made. See *State v. Grant,* 10 Minn. 39 (Gil. 22); *State v. Biesman,* 12 Mont. 11, 29 Pac. 534; *People v. Love,* 19 Cal. 677.

There being no error, the case should be affirmed.

By the Court: It is so ordered.