HINES *et al.* v. STATE.

No. 2584.   Opinion Filed November 18, 1913.

(136 Pac. 592.)

1.     BAIL—Action on Bond—Defense. In an action brought by the state in the county court against the principal and sureties on a forfeited bail bond, to enforce payment thereof, where the bond was duly declared forfeited at a former term of said court, illness of the principal on the day of forfeiture constitutes no defense against either the liability of the sureties or the principal.

2.     BAIL—Collateral Attack—Forfeited Bail Bond. The final order of the trial court, declaring a forfeiture of the bail bond, cannot be collaterally attacked in a subsequent action against the principal and sureties on the bond.

(Syllabus by Sharp, C.)

*Error from County Court, Sequoyah County;*
*W. N. Littlejohn, Judge.*

Action on a statutory bail bond by the State against Frank Hines and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*E. M. Frye* and *Robert E. Jackson,* for plaintiffs in error.

*Wm. L. Curtis,* for the State.

Opinion by SHARP, C. This is an appeal prosecuted by plaintiffs in error from a judgment rendered by the county court of Sequoyah county on a certain bail bond, on which the said Frank Hines was principal and J. A. Bradshaw, H. Dunn, and W. L. Sharp, were sureties. The petition alleged the exe-

cution and conditions of said bail bond and the failure of the principal to appear in court according to the conditions thereof and charged that a forfeiture upon said bond was duly taken. The sufficiency of the petition was not attacked, and the defendants' answer sets up as a defense that on the date of said forfeiture the principal therein was ill at his home in Ft. Smith, Ark., and physically unable to be and appear in the county court of Sequoyah county; that on account of his said illness a motion for continuance was presented by his attorney, which was by the county court overruled, and thereupon a forfeiture upon his said bond was taken; that thereafter a motion was made in said court to set aside said forfeiture, which motion was likewise by the court overruled and denied. The case coming on to be heard, the state presented a motion for a judgment on the pleadings, which motion was sustained and judgment rendered against the defendants.

The questions presented for review in this court on the plaintiffs in error's appeal have been heretofore determined in *State v. Hines et al.*, 37 Okla. 198, 131 Pac. 688, where it was held that in an action on a bail bond, duly declared forfeited by the county court to which it was made returnable, sickness of the principal on the day of forfeiture was no defense against the sureties' liability thereon, in a subsequent action brought on the bond. In that case the order of forfeiture was taken in the county court, and, on account of the amount of the bond, suit thereon was brought in the district court. In the case at bar both the forfeiture was declared and the subsequent action brought in the county court. The principle fixing the liability of the sureties is, however, not affected by the question of what court has jurisdiction of a subsequent action against the bail upon the forfeited bond.

The order of the county court, declaring a forfeiture of the bond, cannot be collaterally attacked in a subsequent action brought against the principal and his sureties on the bond. We think that the statute (section 7112, Comp. Laws 1909 [Rev. Laws 1910, sec. 6110]) was correctly construed by this court in

*State v. Hines et al., supra.* If the remedy provided by the statute does not afford proper relief, when fully availed of, appeal must be made to the Legislature and not to the courts.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.