## STATE *ex rel.* HANKIN v. HOLT *et al.*

No. 3641.    Opinion Filed July 7, 1914.

(141 Pac. 969.)

1.    **BAIL—Appearance Bond—Validity.**  An appearance bond volun-
tarily entered into, and upon which the principal has secured
release from custody, is not rendered void by failure of the
judge or clerk taking same to indorse thereon the word "ap-
proved."

2.    **BAIL—Forfeiture.**  The essential requirements in declaring a
forfeiture of a bail bond are that the court should find as a
fact that the bond had been executed in a particular case, and
that there had been default in some one of the conditions writ-
ten in the bond.

3.    **SAME—Action on Bond—Collateral Attack.**  The judgment or
order of the trial court in declaring a forfeiture of such bond
cannot be collaterally attacked in a subsequent action against
the principal and sureties in the bond.

(Syllabus by Galbraith, C.)

*Error from District Court, Jackson County;*
*J. T. Johnson, Judge.*

Action by the State, on the relation of M. L. Hankin, against
W. R. Holt and others.  Judgment for defendants, and plaintiff
appeals.  Reversed and remanded.

*M. L. Hankin,* Co. Atty., and *J. M. Williams,* for plaintiff in
error.

*S. B. Garrett* and *S. J. Castleman,* for defendants in error.

Opinion by GALBRAITH, C.  This action was commenced
to recover the amount of a forfeited appearance bond from the
principal and sureties thereon.  The petition in brief alleged that
the principal, Holt, was charged by information filed in the county
court of Jackson county with selling intoxicating liquors, and that
he was under arrest under said charge, and in custody of the sher-
iff; that in order to secure his release he and the sureties, Payne
and Wade, entered into an appearance bond in the sum of $500
running to the state of Oklahoma, and conditioned that the princi-

pal would be and appear at the October, 1910, term of the county court of Jackson county, to be held on the 3d day of October, 1910, at 9 o'clock a. m., to answer said charge, and would there remain from day to day and term to term so long as his presence might be required, and would not depart therefrom without the leave of said court; that the bond was executed before the clerk of the county court, and accepted by him, and by reason thereof the principal was discharged from custody; that the principal in said bond failed to appear in the county court as provided in said bond, and a forfeiture of the same was duly taken and entered on the records of said county court. To this petition, the defendants demurred and alleged four grounds therefor, as follows: First, that the petition does not state facts sufficient to constitute a cause of action; second, that the petition is insufficient, because it does not charge that the bond sued on was accepted, filed, and approved by the county judge of Jackson county, or by the clerk of said court; third, because no forfeiture was ever entered on said bond; and, fourth, because it does not appear from the bond set out therein that the principal, Holt, was charged with an offense under the statutes of Oklahoma. This demurrer was sustained by the court, and the plaintiff excepted thereto and refused to amend, and judgment was entered dismissing the action at the costs of the plaintiff. To reverse this judgment, the plaintiff has perfected an appeal to this court.

The one assignment of error is that the court erred in sustaining the demurrer to the petition. The consideration of this assignment requires an examination of the several grounds of demurrer as above enumerated. The first was that the petition did not state facts sufficient to constitute a cause of action. It will appear from a recital of the allegations of the petition hereinabove set out that this ground was not well taken. The second ground of demurrer was that the bond in suit had never been approved by the county judge of Jackson county, or by the clerk of that court. The bond seems to be regular in form, and following the names of the principal and the sureties thereto is the following jurat:

State ex rel. Hankin v. Holt et al.

"Taken, subscribed, and acknowledged the day first above written. Harry Oliphint, Clerk of the County Court."

And on the back of the bond appears the following indorsement:

"No. 599. Appearance Bond. State of Oklahoma v. W. R. Holt. Filed 20th day of September, 1910. Harry Oliphint, Clerk of 'the County Court. Recorded in Miscellaneous Bond Record No. 2, page 323. Harry Oliphint, Clerk County Court."

The objection raised to the bond is that the word "approved" was not indorsed thereon by the clerk or the judge of the county court, and for that reason the bond is void. It was alleged in the petition that the principal, Holt, was charged with a criminal offense by information filed in the county court of Jackson county, and that he was in the custody of the sheriff, and that in order to secure his release from custody he and the sureties joined in executing this appearance bond, and that by reason thereof the said principal was discharged from custody. It appears from the bond itself that it was taken by the clerk of the county court of Jackson county and filed by him, and also recorded in the bond record of said court. Did the fact that the clerk failed to indorse on the bond "approved," and that the county judge failed to make such indorsement on the bond, render it void? We think not. This was a mere oversight or irregularity that in no way affected the substantial rights of the principal and the sureties. Section 6126, Rev. Laws 1910. They voluntarily executed the bond and secured the release of the principal from custody thereby. If the bond had not been accepted and approved by the clerk, the order of release to the sheriff directing him to discharge the principal would never have been issued, and the principal would not have obtained his freedom on such bond. Under the statute the principal might have obtained his release at the time in one of two ways, either by executing a bond as he did, or by depositing with the clerk the amount of the bond in cash. Where a bond is given, the statute provides (section 6107, Rev. Laws 1910):

"Upon the allowance of bail and the execution of the requisite recognizance, bond or undertaking, to the state, the magis-

trate, judge, or court must, if the defendant is in custody, make and sign an order for his discharge, upon the delivery of which to the proper officer the defendant must be discharged."

Where money is deposited in lieu of the bond, the statute provides (section 6108, *Id.*):

"A deposit of the sum of money mentioned in the order admitting to bail is equivalent to bail, and upon such deposit the defendant must be discharged from custody."

Where money is deposited, the word "approved," of course, would not be necessary, and, where the bond is executed, the order of discharge would not issue until the bond had been accepted and approved by the officer taking it. The mere fact that the officer failed or neglected to indorse on the bond the word "approved" cannot possibly affect its legality.

The third ground of demurrer is that there had never been any forfeiture taken on this bond. That, of course, cannot be sustained, because of the fact that the forfeiture is charged in the petition, and these allegations are admitted by the demurrer. This court said in *Edwards et al. v. State,* 39 Okla. 612, 136 Pac. 580, in regard to entering of forfeitures of bail bonds:

"The essential requirements are that the court should find as a fact that a certain bond had been given in a particular case, and that there had been default in some one of the conditions written in the bond. These are the essential facts that must be found and entered in order to declare a forfeiture."

Likewise, it appears that the fourth ground of demurrer is not well taken. The question urged under this ground cannot be raised by demurrer in this action in the district court. The principal was charged with an offense in the county court. He entered into a recognizance with his sureties for his appearance in that court to answer a criminal charge. He failed to appear at the time and place written in the bond, and that court adjudged that he had breached his bond, and entered a forfeiture thereon. The questions adjudicated in entering that judgment of forfeiture cannot be retried in this action on the bond. The second paragraph of the syllabus of the case of *Hines et al. v. State,* 39 Okla. 638, 136 Pac. 592, reads:

"The final order of the trial court, declaring a forfeiture of the bail bond, cannot be collaterally attacked in a subsequent action against the principal and sureties on the bond."

See, also, *State v. Hines*, 37 Okla. 198, 131 Pac. 688; *Whiteaker v. State*, 31 Okla. 65, 119 Pac. 1003; *Shriver v. State*, 32 Okla. 507, 122 Pac. 160.

We conclude that the trial court was in error in sustaining the demurrer to the petition, and that the exceptions should be sustained, and the judgment appealed from reversed, and the cause remanded to the district court of Jackson county for further proceedings.

By the Court: It is so ordered.