### SMITH v. SKELTON.

No. 5964—Opinion Filed Feb. 6, 1917.

(163 Pac. 268.)

(Syllabus by the Court.)

1. **Appeal and Error—Questions of Fact—Findings.**

In a suit in equity, the Supreme Court on appeal is not at liberty to set aside the findings of fact of the trial court, unless, after a consideration of the entire record, it appears that such findings are clearly against the weight of the evidence.

2. **Weight of Evidence.**

Record examined, and held, that the judgment rendered by the trial court is not clearly against the weight of the evidence.

Error from District Court, Okmulgee County; Wade S. Stanfield, Judge.

Suit in equity by L. S. Skelton against James C. Smith. Judgment for plaintiff, and defendant brings error. Affirmed.

John L. Maynard and Joseph C. Stone, for plaintiff in error.

Charles A. Dickson and H. E. P. Stanford, for defendant in error.

KANE, J. This was a suit in equity, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to quiet the title to two quarter

sections of land situated in Okmulgee county. Hereafter the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the court below.

These tracts of land were the allotments of Virginia and Lela Hodge, both deceased. The defendant Smith claimed a one-fifth interest in these lands through title deraigned from one Jennie Yarbrough, who was the daughter of Betsy Hodge, who in turn claimed to be the legitimate child of one Johnson Hodge, deceased, a full-blood Creek Indian. At the trial, which was had before the court without a jury, the case turned upon the question of whether Betsy Hodge, the mother of Jennie Yarbrough, the grantor of the defendant Smith, was the legitimate daughter of Johnson Hodge. The trial court found that she was not, and it is conceded that, if the finding of the trial court on this point is not clearly against the weight of the evidence, the judgment rendered is correct. The trial court made findings of fact and conclusions of law as follows:

"Findings of Fact.

"First. That the defendant, James C. Smith, derives his title, if any, from Jennie Yarbrough, a daughter of Betsy Hodge, deceased, and that the said Jennie Yarbrough is the only heir of the said Betsy Hodge.

"Second. The court finds from the evidence that the said Betsy Hodge was the child of Johnson Hodge and Lucy Sanders, also sometimes called Lucy Walker.

"Third. The court finds from the evidence that the said Johnson Hodge was a full-blood Creek Indian, and was duly enrolled by the tribal authorities, but that he died prior to receiving an allotment of land in the Creek Nation.

"Fourth. The court finds from the evidence that no marriage existed between Johnson Hodge and Lucy Sanders, or Walker, at the time of the birth of Betsy Hodge, or at any time after her birth.

"Fifth. The court further finds from the evidence that Lucy Sanders, or Walker, was a person of three-fourths negro blood.

"Sixth. The court further finds from the evidence that, if any marriage ever existed between Johnson Hodge and Lucy Sanders, or Walker, such marriage must have occurred prior to the year 1860, in the state of Texas.

"Seventh. The court further finds from the evidence that at the time of the deaths of Lela Hodge and Virginia Hodge, citizens of the Creek Nation and the allottees of the lands in controversy, said allottees left surviving them as their heirs their brothers and sisters, as follows, to wit: Maggie Hollyman, Mary Cobb, nee Hodge, Horace Hodge, and Green Hodge.

"Eighth. The court further finds from the evidence that the plaintiff, L. S. Skelton,

has by proper deeds of conveyance obtained the title to the lands in controversy, which descended upon the death of the allottees to the brothers and sisters mentioned in the foregoing findings of fact.

### "Conclusions of Law.

"From the findings of fact herein made and signed the following conclusions of law are by the court made:

"First. That the grantor of the defendant, James C. Smith, never had any interest in and to the lands in controversy in this action, for the following reasons, to wit:

"Second. That the title of the plaintiff in and to the lands in controversy was obtained from the only heirs of the allottees of said lands at the time of the death of said allottees, they being the full brothers and sisters of the deceased allottees and the legitimate children of Johnson Hodge and his lawful wife, Margaret Hodge.

"Third. That the title to the lands in controversy is vested in the plaintiff in this case."

Counsel for plaintiff in error state their grounds for reversal in their brief as follows:

"(1) The court's fourth finding of fact, namely, that no marriage existed between Johnson Hodge and Lucy Sanders, is not supported by any competent evidence, and is 'clearly against the weight of the evidence.' Schock v. Fish, 45 Okla. 12, 144 Pac. 584.

"(2) If Betsy Hodge, the mother of defendant's grantor, was not born a legitimate child of Johnson Hodge, then she became such by legitimation."

It is obvious that a review of these questions requires merely an examination of the evidence adduced at the trial, as it appears in the record before us. No useful purpose can be subserved by setting out this evidence in this opinion, or commenting upon it at any great length. It is sufficient to say on the first proposition that, after a careful examination of the record, we are convinced that the findings of fact of the trial court are not clearly against the weight of the evidence. We therefore are not at liberty to reverse the judgment of the court below upon this ground. Schock v. Fish, 45 Okla. 12, 144 Pac. 584.

The second proposition seems not to have been presented to the trial court; at least, the record contains no findings of fact or conclusions of law applicable thereto. We may say, in passing, however, that we find no evidence in the record which would justify a finding that Betsy Hodge, the mother of defendant's grantor, became the legitimate child of Johnson Hodge by legitimation under the statute.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.