THOMAS v. HALSELL et al.

No. 7869—Opinion Filed April 10, 1917.

(164 Pac. 458.)

(Syllabus by the Court.)

1. **Appeal and Error—Findings — Conclusiveness.**

In a suit in equity the Supreme Court on appeal is not at liberty to set aside the findings of fact of the trial court unless, after a consideration of the entire record, it appears that such findings are clearly against the weight of the evidence.

2. **Mortgages—Deed or Mortgage—Findings —Sufficiency of Evidence.**

Record examined, and held, that the findings of fact of the trial court are fairly supported by the weight of the evidence.

3. **Husband and Wife—Wife's Separate Property—Conveyance—Consideration.**

Where by statute, as in this jurisdiction, a married woman may dispose of her separate estate by deed the same as if she were a feme sole, the discharge of her husband's debt constitutes sufficient consideration to support a wife's conveyance of her separate real estate made for that purpose.

4. **Competency of Witnesses.**

By statute in this state (section 5050, Rev. Laws 1910) the husband is incompetent to testify for or against his wife, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action.

5. **Witnesses — Competency — Husband and Wife.**

Record examined, and held, that in the circumstances of this case the trial court did not err in holding the husband to be an incompetent witness to testify for or against his wife.

Error from District Court, Okmulgee County; Ernest B. Hughes, Judge.

Statutory action in ejectment and suit to quiet title to a tract of land by Nellie Thomas against E. L. Halsell, in which the International Land Company was made a party defendant with leave to file a petition in intervention. Judgment for defendant International Land Company, and plaintiff brings error. Affirmed.

D. P. Farrell and Merwine & Newhouse, for plaintiff in error.

William M. Matthews and Geo. S. Ramsey. for defendants in error.

KANE, J. This was a statutory action in ejectment and suit to quiet the title to a certain tract of land, commenced by the plaintiff in error, plaintiff below, against one E. L. Halsell. Subsequent to the filing of the petition the International Land Company, a corporation, the defendant in error herein, was made a party defendant to the action and was given leave to file a petition in intervention. After various motions, answers, and replies were filed by the plaintiff, defendant, and intervener, respectively, the issues were joined by the original petition of the plaintiff, the amended answers of the defendant and intervener, and the amended reply of the plaintiff. The principal issue of fact thus joined by the pleadings was whether a certain instrument executed by Nellie Thomas, the plaintiff, and her husband, Dave Thomas, to one Howard E. Bell, on the 11th day of March, 1905, which upon its face appeared to be a warranty deed conveying title in fee simple to the land in controversy, was not in fact a mortgage executed for the pur-

pose of· securing the payment of a loan of money made by Bell to Dave Thomas. The trial court made special findings of fact and conclusions of law as follows:

"That on the 11th day of March, 1905, the said Nellie Thomas and Dave Thomas, her husband, made, executed, and delivered to Howard E. Bell a warranty deed conveying the above-described plat- of land. The court finds that the plaintiff herein did on that date sell and convey the fee-simple title to said land to the said Howard E. Bell, and finds that said deed is not a mortgage, and was not intended as a mortgage, but was intended to grant. transfer, and convey the title to said premises. The court finds that the defendant International Land Company is the owner in fee simple of said premises, and that it is a bona fide purchaser for value and without notice of the plaintiff's claim. The court finds the issues of fact against the plaintiff and that the equities are in favor of the defendants. It is therefore ordered, adjudged, and decreed that the plaintiff take nothing herein, but the defendant International Land Company is hereby adjudged and decreed the owner of the above described premises."

It is to reverse this finding and judgment of the trial court that this proceeding in error was commenced.

From the foregoing brief statement it is obvious that the principal question at the threshold of this case is whether the finding of the trial court to the effect that the instrument signed by Nellie Thomas and her husband was in fact intended for what it purports to be, a warranty deed, and not a mortgage, is clearly against the weight of the evidence. The rule in this jurisdiction is that in a suit in equity the Supreme Court on appeal is not at liberty to set aside the findings of fact of the trial court, unless, after consideration of the entire record, it appears that such findings are clearly against the weight of the evidence. Schock v. Fish, 45 Okla. 12, 144 Pac. 584; Wimberly v. Winstock, 46 Okla. 645, 149 Pac. 238; Tucker v. Thraves, 50 Okla. 691, 151 Pac. 598; Smith v. Skelton, 63 Okla. 116, 163 Pac. 268.

Briefly the testimony of the plaintiff was to the effect that she and her husband, who were both Creek freedmen, resided at or near Boynton, a small town a short distance from the city of Muskogee; that on the 11th day of March, 1905, they went by train from Boynton to the city of Muskogee, the husband paying the expenses of the trip; that after their arrival at Muskogee the husband went alone to the office of Howard E. Bell for the purpose of preparing for signature the instrument the plaintiff had previously agreed to execute; that when this instrument was ready for signature she was sent for by her husband, whereupon she immediately went to the office of Bell, where this instrument was presented to her by her husband, who asked her to sign it; that at first she did not wish to comply with his request, but upon his insistence that the instrument was only a mortgage she finally affixed her signature thereto by mark, being unable to read or write, and thereupon, accompanied by her husband, she went to the office of a Mr. Swanson, a notary public, where the execution of the instrument, in form a deed, was duly acknowledged. Whilst it is true that the testimony of the plaintiff in regard to the statements of her husband as to the instrument being a mortgage is corroborated by two other Creek freedmen, who were present in Bell's office when the instrument was executed, on the other hand, that she did not know the nature and effect of the instrument she really signed is strongly contradicted by many circumstances, which were developed at the trial, as well as by the direct evidence of at least one witness, Mr. Swanson, the notary public, who seems to be the only disinterested witness who testified. One of the circumstances which, in our judgment, strongly tends to support the finding of the trial court is the long period of time which the plaintiff allowed to intervene between the execution of the instrument and the first assertion on her part that she intended to sign a mortgage, and not a warranty deed, as the instrument appears to be. It is undisputed that immediately after the execution of this instrument the grantee named therein entered into the possession of the premises, and that he, or his assigns, remained in undisturbed possession thereof until a short time before the commencement of this action. As we have seen, the deed was dated March 11, 1905, whilst this action was commenced on the 23d day of October, 1913, a period of nearly nine years. It seems almost inconceivable that the plaintiff would have continued to act toward this land as a stranger for the period of nine years, or more, if she did not fully understand that the effect of the Bell deed was to divest her of all her right, title, and interest therein. The record also discloses that just prior to the filing of this suit oil had been discovered in paying quantities on adjoining lands, and that it was subsequent to this latter date that the plaintiff first asserted her claim to the premises as against these defendants. Whilst it may be difficult to trace any well-defined correlation between these latter circumstances, yet they so often appear in such close proximity to each other in the cases of this class arising in the oil-producing portions of the state as to at least render the point worthy of passing comment. The record before us contains all the evidence taken at the trial, but, as it is quite voluminous, no useful pur-

pose would be subserved by setting it out in this opinion or commenting upon it at any great length. It is sufficient to say that we have examined it all very carefully, and weighed all the facts and circumstances, as in this class of cases it is our duty to do, and that, viewing it all in the light of the plaintiff's conduct toward the land for so many years, we are convinced that the finding of fact of the trial court as to the nature of the instrument signed by the plaintiff is fairly sustained by the weight of the evidence. As the defendant herein claims title through a chain of conveyances, of which the instrument we find to be a valid deed of warranty constitutes the initial link, it will be unnecessary to notice many of the remaining assignments of error presented for review by counsel for plaintiff, such as those involving the validity of certain of the intervening conveyances in the chain of title, the question of innocent purchaser, etc. Therefore we will confine ourselves to the review of the assignments of error which, if found to be well taken, would tend to work a reversal of the judgment rendered, notwithstanding the conclusion we have reached as to the nature of the instrument signed by the plaintiff and her husband on the 11th day of March, 1905.

There is some contention to the effect that, inasmuch as the evidence shows that Dave Thomas, the husband of the plaintiff, received all the money that passed at the time the conveyance was executed, there was a failure of consideration which would render the transaction invalid. It is conceded that the land involved was the separate estate of the plaintiff, and the evidence shows that the instrument, whether deed or mortgage, was made for the purpose of raising funds to be used for extricating the husband from some financial difficulties in which he had become involved. Both the husband and wife were present at the time of the execution of the deed, and at the time of the payment of the purchase price, and, whilst this is not entirely clear, we will assume that Bell, the grantee, delivered the check to the husband, instead of the wife, and that he used the money for the purpose of paying off his own obligations, pursuant to his understanding with his wife. In jurisdictions having statutes similar to the Married Woman's Act (Stat. 1899, c. 49), in force in the Indian Territory at the time the deed to Bell was made, which permitted a married woman to dispose of her separate property by deed and contract for the sale of the same as if she were a feme sole, it is universally held that the discharge of her husband's debt is a sufficient consideration to support the wife's covenant of warranty, in the conveyance of her separate real estate made for that purpose. Pratt Land Co. v. McClain, 135

Ala. 452, 33 South. 185, 93 Am. St. Rep. 35; Nichol v. Hays, 20 Ind. App. 369, 50 N. E. 768; Stone v. Montgomery, 35 Miss. 83; Booker v. Wingo, 29 S. C. 116, 7 S. E. 49.

The remaining assignment of error necessary to notice is to the effect that the trial court erred in not permitting the husband of the plaintiff to testify concerning the conversation between himself and his wife in Bell's office on the occasion of the execution of the deed dated March 11, 1905. By statute in this state (section 5050, Rev. Laws 1910) the husband is incompetent to testify for or against his wife, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action. As we understand the theory of counsel for plaintiff on this point, they do not claim that the husband acted as the agent of his wife concerning the transaction herein involved, or that husband and wife are joint parties and have a joint interest in the action, but they contend that the husband should have been permitted to testify because his testimony would have constituted a part of the res gestae and would also have shown fraud. In support of this proposition they cite Moeckel v. Heim et al., 134 Mo. 576, 36 S. W. 226, and Henry v. Sneed, 99 Mo. 407, 12 S. W. 663, 17 Am. St. Rep. 580. From the latter case they quote as follows:

"The rule he invokes was intended to subserve a very wise, wholesome, and holy purpose, but never to further such an end as that for which he invokes it. And this exception to a general rule, should certainly have place in a court of equity, which will throttle fraud in all of its protean manifestations. We shall therefore rule that the testimony of both husband and wife was ex necessitate competent as to their conversations, on two grounds, that those conversations were a part of the res gestae, and on the foot of the fraud."

It does not appear that Missouri has a statute similar to ours disqualifying the husband or wife from testifying on each other's behalf; the question involved being whether a communication from the husband to the wife was admissible under the common law. In one of the Missouri cases at least, Henry v. Sneed, supra, the husband and wife were both parties plaintiff to the action. The Supreme Court held that in those circumstances where the representations made by the husband constituted the fraud upon which the action was founded the communication was admissible. If the plaintiff and her husband in the case at bar were joint parties to this action, then under our statute the evidence of the latter would have been admissible. But, inasmuch as our statute declares the husband

to be an incompetent witness for the purpose of testifying for or against his wife, unless it is first shown that he acted as the agent of the wife, or is a joint party, and has a joint interest with her in the action, we do not feel warranted in the circumstances disclosed by the record in creating another exception to the statute by holding that the testimony of the husband was ex necessitate competent.

For the reasons stated, the judgment of the court below is affirmed.

SHARP, C. J., and HARDY, TURNER, and THACKER, JJ., concur.