## LAWRENCE et al. v. MASON et al., Board of County Commissioners.

No. 5412—Opinion Filed May 22, 1917.

(166 Pac. 133.)

### 1. Bail—Bonds—Actions Upon — Forfeiture —Collateral Attack.

The final order of the trial court, declaring a forfeiture of the bail bond, cannot be materially attacked in a subsequent action against the principal and sureties on the bond.

### 2. Same.

In an action upon a bail bond a demurrer was interposed on two grounds: First, that it did not appear from the face of the bond that the principal was charged with a crime; and, second, that it was not alleged that the principal was discharged from custody on account of the execution of the bond. Held, that it was not error to overrule the demurrer, for the reason that the things set out as grounds of demurrer had been adjudicated in the judgment of forfeiture.

(Syllabus by Galbraith, C.)

Error from County Court, Stephens County; J. W. Marshall, Judge.

Action by J. B. Mason and others, as the Board of County Commissioners of Stephens County, Okla., on the relation of the state of Oklahoma, against Frank Lawrence and others. There was a judgment for plaintiffs, and defendants bring error. Affirmed.

T. B. Reeder, for plaintiffs in error.

H. W. Sutton, for defendants in error.

Opinion by GALBRAITH, C. This action was commenced to recover the amount of the penalty of an appearance bond executed by Frank Lawrence, as principal, and George W. Carter and Silas Gibson, as sureties, payable to the state of Oklahoma, and conditioned for the appearance of Frank Lawrence in the county court of Stephens county, to answer to an information presented against him on account of which he was then in the custody of the sheriff of Stephens county. The petition alleged the execution and approval of the bond, and the failure of the principal to appear, and the entry of forfeiture of the bond in the county court of Stephens county, and the direction that suit be brought thereon for the collection of the penalty of the bond was attached as an exhibit to the petition. The defendants interposed a general demurrer to the petition, which was by the court overruled, and electing to stand upon the demurrer and refusing to plead further, judgment was rendered against them for the amount of the penalty of the bond, with interest and costs of suit, from which judgment an appeal has been duly prosecuted to this court.

Two errors are argued in the brief: First, that the bond is "nudum pactum," since it does not appear from its face that the defendant was charged with the commission of any public offense. Second, that the petition wholly fails to allege that the principal, upon the execution of the bond, was discharged from custody. Both of the errors assigned and relied upon for a reversal of this cause have been passed upon by this court adversely to the contentions of the plaintiffs in error. In State ex rel. Hankin v. Holt, 42 Okla. 472, at 475, 141 Pac. 969, 970, the court, passing upon an assignment similar to that urged under the first ground, namely, that it must appear from the face of the bond that the principal was accused with a criminal offense, says:

"The question urged under this ground cannot be raised by demurrer in this action in the district court. The principal was charged with an offense in the county court. He entered into a recognizance with his sureties for his appearance in that court to answer a criminal charge. He failed to appear at the time and place written in the bond, and that court adjudged that he had breached his bond, and entered a forfeiture thereon. The questions adjudicated in entering that judgment of forfeiture cannot be retried in this action on the bond. The second paragraph of the syllabus in the case of Hines et al. v. State, 39 Okla. 638, 136 Pac. 592, reads: 'The final order of the trial court, declaring a forfeiture of the bail bond, cannot be collaterally attacked in a subsequent action against the principal and sureties on the bond.'"

In Melton v. State, 46 Okla. 487, 149 Pac. 154, the court, in passing upon a similar question to that urged under the second assignment, namely, that the petition must aver that the principal was released from custody by reason of the execution of the bond, said:

"Most assuredly it naturally occurs that, upon the giving of an acceptable bail bond, the discharge of the defendant immediately follows, and it is the rankest absurdity to presume that officials would forfeit a bail bond and institute suit thereon when the principal therein was still in jail, and had never been discharged by virtue of such bond. Besides, the plaintiff is never required to allege and prove facts peculiarly within the knowledge of the defendant, and, if it should be a fact that the principal obligor has never been released on the bond, but was still in jail, no one would be more painfully aware of that fact than he."

Again it is said in this opinion:

"Our courts have repeatedly held in a long line of cases coming before them that the final order of the trial court declaring a forfeiture of the bail bond cannot be collaterally attacked in subsequent action against the principal and sureties on the bond, and that, if it be the purpose of the bondsmen to interpose a defense, they can only do so by following the procedure prescribed by statute, which is as follows: 'But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just.' Should the court refuse to set the forfeiture aside upon the showing made, then the parties would have the right to appeal to the Supreme Court from the refusal of the trial court to vacate the order, and, unless they do so, the order of the court becomes final, but for the defendant to be bound by the order and to be precluded from attacking the same in the action instituted on the forfeiture the court exacting the bond, as well as the court forfeiting the bond, must have acted within their jurisdiction, but nothing short of a complete lack of jurisdiction will avail them as a defense against the action on the forfeiture. Defects in the bond, even though they go to the extent of making the bond voidable, or irregularities

in the forfeiture, will be considered waived, unless raised as the statute prescribes, in the court taking the forfeiture, and at the term in which the forfeiture was had."

See, also, Shriver et al. v. State, 32 Okla. 507, 122 Pac. 160; State v. Hines et al., 37 Okla. 198, 131 Pac. 688, Ann. Cas. 1915B, 431; Hines et al. v. State, 39 Okla. 638, 136 Pac. 592.

Wherefore it appears that the action of the trial court in overruling the demurrer to the petition is sustained by abundant authority, and that the judgment appealed from should be affirmed.

By the Court: It is so ordered.