### HARN et ux. v. MISSOURI STATE LIFE INS. CO.

No. 8588—Opinion Filed May 7, 1918.

Rehearing Denied June 4, 1918.

(173 Pac. 214.)

1. **Appeal and Error—Motion to Make More Definite and Certain—Separate Statement and Numbering—Discretion.**

A motion to require a party to make his pleading more definite and certain, or to separately state and number his causes of action, is addressed to the sound discretion of the court, and its ruling thereon will not be disturbed, unless it clearly appears that the trial court abused its discretion to the prej-

udice of the substantial rights of the complaining party.

## 2. Time—Summons—Return on Sunday or Holiday—Effect.

A summons that is issued and made returnable on a Sunday or a legal holiday, and is otherwise regular, in no way limits the time of the defendant in which to plead by reason of the fact "such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed." In such case the summons is still returnable on the day stated, but the effect of the statute is to give to a return made upon the next business day the same validity as if made upon the day designated for its return.

## 3. Husband and Wife—Married Women's Rights — Mortgage — Consideration.

Under our statute, a married woman may deal with her property as if she were single, and therefore may incumber the same to secure the debt of her husband, and in such case it is immaterial to the validity of the mortgage that she received no consideration for so doing; it being sufficient that the consideration passed to the party for whose benefit the mortgage is given.

## 4. Pleading — Amendment — Statute.

Section 4787, Rev. Laws 1910, applies only to voluntary amendments, and not to those made by order of court upon motion or demurrer.

## 5. Continuance — Delay — Amendment of Pleadings.

Where the issues have been closed for a period of 10 days before a case is set down for trial by filing pleadings or by lapse of time by a failure to plead, section 5043, Rev. Laws 1910, ceases to operate, and the subsequent filing of amended pleadings, which do not change the issues or prejudice the substantial rights of the complaining party, will not necessarily work a delay of the trial.

## 6. Mortgages—Real Estate—Form.

A mortgage on real estate is not required to be in any particular form, and where an instrument is given which is intended by the parties to be a mortgage, and which contains the usual stipulations, and provides for its defeasance in event the principal debt it secures is paid, a court of equity will look to the intention of the parties at the time the instrument was given and hold it to be a mortgage if given to secure a debt.

## 7. Insurance — Loan Provision — Collateral Contract — Refusal of Loan.

Where a life insurance policy contains a provision giving the insured the right to borrow money from the insurer on the security of the policy in progressive sums as the policy matures creates a collateral contract only, a breach in which, by the insurer, does not amount to a repudiation of the contract of insurance, and when the full loan value of the policy is exhausted, it is not a violation of any part of the insurance policy to refuse a loan to the insured until prepayment of the next falling due premium.

(Syllabus by Springer, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by the Missouri State Life Insurance Company against W. F. Harn and wife. Judgment for plaintiff, and defendants bring error. Affirmed.

W. F. Harn, for plaintiff in error.

Keaton, Wells & Johnston and B. B. Wheeler, for defendant in error.

Opinion by SPRINGER, C. This action was instituted by the company to recover a judgment upon several promissory notes executed by Harn and wife and delivered to the company for money loaned by it to them and to foreclose a real estate mortgage executed to secure the payment of the same.

The fourth amended petition upon which this action was tried contained four counts, the first of which stated a cause of action upon a note of $5,500 and two coupon notes of $220 each; the second was based upon a note for $5,500, and three coupon notes for $220 each; the third was upon a note for $44,000, and three coupon notes for $1.760 each; and the fourth was for $2,072 for insurance and taxes for 1913, which mortgagee had paid to protect its interest and sought to recover here. The defendants, W. F. Harn and Alice Harn, filed a motion to require the plaintiff below to make the petition more definite and certain, so that each count would contain only one note, which was denied by the trial court.

The facts here disclose that each count contained a separate indebtedness, principal and interest, evidenced by notes, and the last sought a foreclosure of the mortgage given to secure all of same, and for taxes and insurance paid by the company, which defendants below had failed to pay as they contracted.

We are unable to see where the substantial rights of the plaintiffs in error were prejudiced by the ruling of the court in refusing plaintiffs in error's motion to require defendant to separtely state and number its various causes of action. And this is especially true in the light of this record, where the execution and delivery of the notes are

admitted and no claim of payment or other defense going to the notes themselves is presented. A motion of this character is addressed to the sound discretion of the court, and will not be disturbed on appeal unless it clearly appears that the trial court abused its discretion to the prejudice of the substantial rights of the complaining party. Landon v. Morehead, 34 Okla. 371, 126 Pac. 1027; Ft. S & W. v. Ketis, 26 Okla. 696, 110 Pac. 661. Section 6005. Rev. Laws 1910, is as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

And section 4791, Rev. Laws 1910, provides:

. "The court in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Under these provisions of the statute we would not be warranted to interfere with the judgment here on account of the trial court overruling said motion to make the amended petition more definite and certain. Thereafter the plaintiffs in error filed a demurrer to said pleading, which was properly overruled, and W. F. Harn answered. denying the allegations of the petition. and especially denying that any of the covenants or agreements of the notes and mortgage had been breached, or that he was in default, and further alleged that the company at the time of the filing of said suit was indebted to him in the sum of $31,460 on account of a $20,000 endowment policy on his life, which he alleged had matured by reason of the acts of the company, and that said policy and its accumulations were of the value stated. and he pleaded the same as a defense to the notes sued upon here.

The defendant Alice Harn pleaded no consideration had accrued to her by virtue of several of said notes, and that a part of the property embraced in the mortgage was her separate property, and that she could not bind her property to pay her husband's debt and she further alleged that she was the beneficiary in said endowment policy, and that by reason of the acts of the company complained of said policy had matured, and its value was $31,400. which she pleaded as a defense here. These answers were filed on October 18, 1915, and on November 5th thereafter a reply was filed to both of said answers, and on November 13th a motion to strike the reply was overruled, and the cause was set for trial on December 9, 1915, and thereafter, on November 26th, a demurrer was filed to said replies, and on December 9th. when the case was called for trial, the defendants asked to strike the same from the trial docket because the case was not at issue, and the trial court overruled the motion, struck the demurrers from the files, and the cause was tried and a judgment had for the company upon said notes and foreclosure of said mortgage.

The plaintiffs in error assert this cause should be reversed, because. first. that the summons here was issued December 15, 1914, and was made returnable on December 25, 1914, and the answer day stated therein, January 14, 1915. and that because under the statute of the state the sheriff was allowed to return the summons on December 26, 1914, one day after the day fixed in the summons for the return day, the 25th day of December, 1914, being a legal holiday, that the defendants by virtue thereof. were not allowed the statutory time of 20 days in which to plead, and that their time in which to answer was thereby limited or shortened to 19 days. The record shows that the summons was returned to the office, from whence it issued on December 18, 1914, and how the defendants below were affected or deprived of any substantial right we are unable to comprehend. The same could have been returned on the 26th of December, 1924; the statute, allowing the officer charged with the performance of the act to be done on a legal holiday or a Sunday all the following day in which to perform it, has no application here, and most assuredly did not limit the time of the defendants in which to plead. Neither their substantial rights nor their privileges, either actual or imaginary, were affected in any way. Their objection is not well taken, and the court properly overruled their motion to quash the summons.

It is further asserted that the claim of Mrs. Harn that she could not mortgage her separate property for her husband's debt should have been sustained, and many authorities are cited by the plaintiffs in error supporting that contention, but unfortunately for her, the statutes of the various states

from where the cases appear are unlike ours. This court has many times held that under our statute a married woman may deal with her property as if she were single, and therefore may incumber the same to secure the debt of another. Chapter 35, Rev. Laws 1910; Cooper v. Bank, 4 Okla. 632. 46 Pac. 475; Reeves v. Dyer, 52 Okla. 750, 153 Pac. 850; Thomas v. Halsell, 63 Okla. 203, 164 Pac. 458; Kerr v. McKinney, 69 Okla. 88, 170 Pac. 685.

The personal judgment rendered against Alice Harn and the foreclosure of the mortgage on her separate property could not have been avoided under the pleadings, and the evidence as a consideration therefor passed from the company to W. F. Harn, even if she did not procure any of the money for her own use and benefit.

It is now urged as error that the defendant in error amended its petition without serving notice thereof on plaintiffs in error. The amended petition filed herein was made essential by reason of the court sustaining defendants' motion to make the former pleading more definite and certain, and when filed no notice was given to defendant, as section 4787. Rev. Laws 1910, provides. This provision of the statute applies only to voluntary amendments, and not to those made by order of court. Cross v. Stevens, 45 Kan. 443, 25 Pac. 880. The trial court so held, and no error was committed thereby. It is also urged that the trial court wrongfully forced a trial here. as the case was not at issue.

This case was filed November 9, 1914, and the answer and reply were filed in March, 1915, and thereafter amendments by permission of the court were filed by the parties. This court in C., R. I. & P. R. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146, said:

"Under section 5834, Comp. Laws 1909 (section 5043, Rev. Laws 1910), a cause stands for trial whenever the issues have been made up for a period of ten days; and the subsequent filing of a motion by plaintiff, directed to defendant's answer, but which is not filed within the time allowed for filing pleadings under the statute, does not revive the operation of the statute. When the issues have once been fully made up by the filing of pleadings, or by failure to file them, the provision of the statute mentioned in the foregoing paragraph has spent its force and thereafter any change in the issues caused by the filing of new or amended pleadings by leave of the court or consent of the parties does not, by reason of said section, necessarily work a delay of the trial."

It is claimed that the document involved here is not a mortgage. Is this a mortgage? It was so given and so intended by the plaintiffs in error when they borrowed the money. and it is now. It contains the usual stipulation and conditions, and the grant therein contained provides that the same shall be void upon the payment of the debt. This court in Wagg v. Herbert et al., 19 Okla. 525, 92 Pac. 250, said:

"Where a transaction was in substance and effect a loan of money upon the security of a farm, a court of equity is bound to look through the forms in which the contrivance of the lender has enveloped it and declare the conveyance of the land to be a mortgage."

And in Worley v. Carter, 30 Okla. 642, 121 Pac. 669, it is held:

"A deed absolute in form is, in fact, a mortgage, when given to secure the payment of money, even though the parties may have agreed that, upon default in payment within a fixed time, the deed should become absolute. Although a deed may be absolute on its face, if given merely as a security for debt, and is so intended by the parties, it will be held to be a mortgage, with the right of redemption. * * * Whether any particular transaction amounts to a mortgage, or a sale upon condition, or with agreement to reconvey upon a contingency, is to be determined by ascertaining whether the transaction was intended as a loan. If there remains a debt for which the conveyance was only a security, and the collection of which may be enforced independently of the security, the whole transaction amounts to a mortgage. whatever language the parties may have used in expressing their agreement. In such cases, it matters not that the transaction is evidenced by one or more instruments. or what the writings may or may not show, if, nevertheless, the agreement in fact exists. The real intention of the parties, either as shown upon the face of the writing, or as disclosed by extrinsic evidence, must govern in equity."

And in Farrow v. Work, 39 Okla. 734, 136 Pac. 739. it is said:

"A deed absolute in form is, in fact. a mortgage when given to secure the payment agreed that, upon default in payment within of money, even though the parties may have a fixed time, the deed should become absolute. Although a deed may be absolute on its face, if given. merely as a security for debt. and is so intended by the parties. it will be held to be a mortgage, with the right of redemption. Whether any particular transaction amounts to a mortgage, or a sale upon condition, or with agreement to reconvey upon a contingency, is to be determined by ascertaining whether the transaction was in-

tended to secure a debt. If a debt remains, for which the conveyance is security, and the collection of which may be enforced independently of such security, the transaction is in law a mortgage, whatever language the parties may have used in expressing their agreement."

The plaintiffs in error contend that at the commencement of this action, W. F. Harn had a 20-year endowment policy upon his life in the sum of $20,000, upon which he had paid four annual premiums of $1,185 each, and that while said policy was in force he had applied to the company for a loan for which the policy provided, as well as section 3470, subd. 6, Rev. Laws 1910, and that by making a cash payment he could pay the fifth annual premium, which would continue the policy for another year. They contend that the company acknowledged receipt of the application asked for. and received from the insured the receipt which the company had issued for the policy surrender for a previous loan, and returned the receipt with the written promise that the matter would be attended to promptly. The claim is made that the company paid no further attention to the matter, and refused to make the loan, and when the insured failed to pay the premium note when it fell due. declared the policy cancelled. It is claimed by plaintiffs in error that by a failure to make the loan the terms of the policy were violated, and that they were thereby damaged in the sum of $31,460.

The policy was dated September 13, 1910, and it provided that after the payment of premiums for three full years had been made, the company would loan the insured a sum not exceeding the amount specified for the end of the current policy year in the table attached. The loan value at the end of the fourth year was $2,500 and at the end of the fifth year $3,300. At the time insured claims to have made application for an additional loan he owed the company $2,485 and interest. Consequently loans had been made the insured by the company to the full amount of the loan value of the policy. June 10, 1914, the insured sent the company a note for $760, and in the letter accompanying it said, "Kindly forward me the loan papers necessary for further extensions, and oblige." This is what the plaintiffs in error refer to as their application for an additional loan. There is nothing in the letter which says that the insured wanted to increase his loan, nor pay the premium which would mature in September, and the policy had absolutely no loan value. but was examined at

that time, and would not have until the premium maturing September 13, 1914, was paid.

Where a life insurance policy contains a provision giving the insured the right to borrow money from the insurer on the security of the policy in progressive sums as the policy matures creates, a collateral contract only, a breach of which, by the insurer. does not amount to a repudiation of the contract of insurance, and when the full loan value of the policy is exhausted, it is not a violation of any part of the insurance policy to refuse a loan to the insured until prepayment of the next falling due premium.

In view of these facts, there was no error in the court's ruling disallowing a set-off for alleged damages, and for the same reason there was no error in the order of the trial court rejecting the testimony offered by the plaintiffs in error as to the value of the policy with accumulations at maturity.

Finding no error affecting the substantial rights of the appellants, the judgment of the lower court is affirmed.

By the Court: It is so ordered.