**TEMPLE et al, v. STATE (two cases). EBERLEY et al. v. SAME.**

Nos. 9244. 9239, 9243—Opinion Filed Dec. 3, 1918.

Rehearing Denied Feb. 4, 1919.

(178 Pac. 113 )

### 1. Husband and Wife—Married Women — Surety on Appearance Bond.

Under the laws of Oklahoma a married woman may become surety on an appearance bond under the same conditions as a feme sole.

### 2. Bail—Bonds—Surety—Defense.

The defense of a failure or refusal to discharge the principal from custody upon the execution of an appearance bond is not available to a surety in an action upon the bond after forfeiture thereon, for the reason that question was adjudicated in the judgment of forfeiture that he has allowed to become final.

(Syllabus by Galbraith, C.)

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Separate actions by the State of Oklahoma against Annie Temple and others, Adam Eberley and others, and H. B. Temple and others, sureties on appearance bonds. Judgment for the State in each case, and defendants in each case bring error. Cases consolidated and judgments affirmed.

J. G. Ralls, for plaintiffs in error.

Baxter Taylor, Co. Atty., and Clark & Haile, for the State.

Opinion by GALBRAITH, C. These consolidated cases are appeals from separate judgments rendered in separate actions in favor of the state of Oklahoma and against the principal and sureties on appearance bonds given in criminal cases for appearance of the principal in the court below to answer to criminal charges pending therein against him.

In case No. 9243 the bond was in the sum

of $2,500, in No. 9244 it was in the sum of $800, and in No. 9239 it was in the sum of $1,000. It is admitted that the bonds in each of the cases were regularly executed, and that the forfeiture on each bond was regularly taken on account of the default of the principal in failing to appear in court at the time and place specified in the bond. A jury was waived in each case and it was tried to the court, and judgment rendered against the principal and the sureties in the sum of the face of the bond with 6 per cent. interest thereon, and costs.

In No. 9243 the one ground for reversal urged is that Annie Temple, one of the sureties, was a married woman, and for that reason did not have legal capacity to execute the bond. The brief states the proposition as follows:

"The bail bond is in regular and legal form, and the sureties on said bail bond are liable in this action unless the plaintiff in error, Annie Temple, being a married woman at the time she executed said bail bond, and receiving nothing for her services and not being related to the principal, is not liable. The question involves our statutes as to the extent to which married women may become liable. The order of forfeiture was regularly taken, and no question is presented in this case except the single question of the liability of Annie Temple."

It is urged in support of this assignment that under section 3353, Rev. Laws 1910, the power of a married woman to contract and to bind her separate property in the penalty of the bond was restricted, and that on account of her coverture she was without legal capacity to enter into the bond, and the judgment as to her was absolutely void. The authorities in this jurisdiction do not support this contention.

In the case of Thomas v. Halsell et al., 63 Okla. 203, 164 Pac. 458, at 460, the court said:

"In jurisdictions having statutes similar to the Married Women's Act (Stat. 1899, c. 49), in force in the Indian Territory at the time the deed to Bell was made, which permitted a married woman to dispose of her separate property by deed and contract for the sale of the same as if she were a feme sole, it is universally held that the discharge of her husbands debt is a sufficient consideration to support the wife's covenant of warranty, in the conveyance of her separate real estate made for that purpose. Pratt Land Co. v. McClain, 135 Ala. 452, 33 South. 185, 93 Am. St. Rep. 35; Nichol v. Hays, 20 Ind. App. 369, 50 N. E. 768; Stone v. Montgomery, 35 Miss. 83; Booker v. Wingo, 29 S. C. 116, 7 S. E. 49."

Again, in Farmers' State Bank of Ada v. Keen, 66 Okla. 62, 167 Pac. 207, at page 208, it is said:

"In this state the husband and wife are authorized to enter into engagements and contracts with each other, and the wife may convey her own property without the consent of her husband; she has a right to engage in business for herself, and to maintain and defend actions without joining her husband; her separate property is not liable for the debts of her husband, and it is provided by section 3363, R. L. 1910, that: 'Women shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her rights as a woman which her husband does as a man.'"

In Fiedler v. Fiedler, 42 Okla. 124, 140 Pac. 1022, 52 L. R. A. (N. S.) 89, it is held that—

" * * * A married woman may maintain an action for injuries to either her natural or statutory rights the same as though she were a feme sole, including an action against a former husband for a tort maliciously inflicted during coverture."

And in Harn et ux. v. Missouri State Life Ins. Co., 70 Okla. 120, 173 Pac. 214, the third paragraph of the headnote reads as follows:

"Under our statute, a married woman may deal with her property as if she were single, and therefore may incumber the same to secure the debt of her husband, and in such case it is immaterial to the validity of the mortgage that she received no consideration for so doing; it being sufficient that the consideration passed to the party for whose benefit the mortgage is given."

Under these authorities, and others of the same character, we are constrained to hold that the restrictions of coverture under the laws of Oklahoma do not prohibit a married woman from becoming a surety upon an appearance bond under the same circumstances and conditions that a man might, or that she might if a feme sole.

Again, it is urged that the sureties on the bond involved in No. 9239 and No. 9244 were not liable because the principal was not actually discharged from custody and delivered to the sureties at the time of the execution of the bonds in those cases. It is conceded that the principal was confined in the county jail at Atoka, and that when the bonds in these cases were executed and the order of discharge issued and delivered to the sureties the order recited that the bonds had been executed and approved, and that the principal should be released unless held under some other charge; that when the or-

der was delivered to the sheriff by the sureties he accompanied them to the jail and unlocked the outer door of the cells and called the principal to the door of the inner cell, and advised him of the execution of the bond and his release under the charge under which he had been held, but advised him that he had a warrant for him from the sheriff of Bryan county, and that he intended to hold him under that warrant until the sheriff of Bryan county appeared for him; that the principal was not set free, but was held until the following day, when he was delivered to the sheriff of Bryan county.

Now, it is contended that the sureties are not liable on the bonds because the principal was not actually discharged and delivered to them upon the execution of the bonds, and it is assigned as error that the court held them liable thereon.

There are numerous decisions of this court to the effect that this defense is not available to a surety in an action to recover on an appearance bond, for the reason that it presents a question that was adjudicated in the judgment of forfeiture taken upon the bond, and that that judgment having become final is not subject to collateral attack any more than any other judgment; that the proper time to have raised this objection was when the forfeiture was taken or in support of a motion to vacate the judgment of forfeiture: and that not having been raised in that manner it is not available in an action on the bond. Melton v. State, 46 Okla. 487, 149 Pac. 154; State ex rel. Hankin v. Holt, 42 Okla. 742, 141 Pac. 969; Lawrence v. Mason et al., 65 Okla. 199, 166 Pac. 133.

In Lawrence et al. v. Mason et al., 65 Okla. 199, 166 Pac. at 133, it is said:

"Two errors are argued in the brief: First, that the bond is 'nudum pactum,' since it does not appear from its face that the defendant was charged with the commission of any public offense. Second, that the petition wholly fails to allege that the principal, upon the execution of the bond, was discharged from custody. Both of the errors assigned and relied upon for a reversal of this cause have been passed upon by this court adversely to the contentions of the plaintiff in error. * * * State ex rel. Hankin v. Holt, 42 Okla. 472, at 475 [141 Pac. 969]"

The second and third paragraphs of the syllabus in that case are as follows:

"The essential requirements in declaring a forfeiture of a bail bond are that the court should find as a fact that the bond had been executed in a particular case, and that there

had been default in some one of the conditions written in the bond."

"The judgment or order of the trial court in declaring a forfeiture of such bond cannot be collaterally attacked in a subsequent action against the principal and sureties in the bond."

Upon the authority of this case, and the cases discussed and cited in the opinion, we are constrained to hold that this assignment also is not well taken. It therefore appears that the judgments appealed from should be affirmed. It is so ordered.

By the Court: It is so ordered.