No. 14,533.

## DAY v. THE STATE.

RECOGNIZANCE.—*Justice of Peace.*—*Judgment of Forfeiture by.*—*Circuit Court can not Set Aside.*—Where a judgment of forfeiture has been rendered by a justice of the peace, on a recognizance entered into before him, the circuit court can not, on motion, set such forfeiture aside, in an action instituted by the State, upon the forfeited recognizance.

From the Elkhart Circuit Court.

*W. H. Vesey* and *C. W. Miller*, for appellant.

*L. W. Vail* and *J. E. McClaskey*, Prosecuting Attorney, for the State.

COFFEY, J.—This was a suit by the State against the appellant upon á forfeited recognizance. It appears from the record in this cause that on the 15th day of September, 1887, the appellant entered into the recognizance in suit before Joseph D. Arnold, a justice of the peace of Elkhart county, conditioned for her appearance before the said Arnold on the 22d day of November, 1887, to answer to a charge of misdemeanor then pending against her. Failing to appear on the day named, she was called and the recognizance forfeited, which fact was duly certified, by the justice, on the back of said recognizance, and the same was filed in the office of the clerk of the Elkhart Circuit Court.

No answer to the complaint in this cause was filed by the appellant. She appeared before the justice and made an ineffectual effort to have the forfeiture of the recognizance set aside. She also appeared in this cause and filed a motion, supported by affidavits, to have the forfeiture set aside, which motion was overruled.

The only question presented by the assignment of error for our consideration relates to the propriety of the ruling of the circuit court in overruling the motion of the appellant to set aside the forfeiture of the recognizance in suit.

The facts developed by the affidavits in support of the

motion to set aside the forfeiture are, that after making the recognizance in suit the appellant went on a journey to the Sandwich Islands, intending to return at a day before the charge pending against her, before the justice, was set for trial.  She arranged to take a steamer on her return trip in time to reach Elkhart three days prior to the day set for the trial of said cause, but on the night before she intended to start on her return she was taken violently ill and was unable to travel, by reason thereof, for a period of ten days.

Section 1630, R. S. 1881, provides that " When a continuance is had, the accused may, if the offence be a bailable one, enter into a recognizance before the justice, with good and sufficient surety to be approved by him, in such amount as he may deem reasonable, conditioned for the appearance of the accused before such justice, at a place, day, and hour in the recognizance specified."

Section 1631 provides that "On the forfeiture of any recognizance taken by virtue of the last preceding section, the justice shall endorse thereon his certificate, stating in substance that such prisoner did not appear in discharge of such recognizance and abide the judgment of the court; and shall forthwith file such recognizance, so endorsed, with the clerk of the circuit or other proper court."  It is made the duty of such clerk to forthwith record such recognizance in the order-book of such court, together with the certificate of forfeiture, and note the same on the judgment docket. Such certificate or the record thereof is made presumptive evidence of the forfeiture of such recognizance.

As to whether a justice of the peace has power to set aside the forfeiture of a recognizance, when the same has once been entered and forwarded to the proper clerk, we need not decide in this case.  It would seem, upon principle, that the application to set aside such forfeiture should be made to the court declaring it, and if such application should be refused, we know of no means by which such ruling could be reversed, in the absence of fraud, except by

appeal. In this case the justice, upon the facts above set forth, refused to set aside the forfeiture in question, and as no appeal was taken from such ruling of the justice, we think his judgment in the case must be regarded as final.

We are cited to no authority, and we know of none, authorizing the circuit court, on a mere motion, to set aside a judgment of forfeiture entered by a justice of the peace. As the prosecution in such cases is pending before the justice, we think that if any power exists to set aside a forfeiture of the recognizance it is lodged with the justice before whom the prosecution is pending. But the question as to whether he possesses such power is not before us, and for that reason is not decided, but we do decide that the circuit court did not err in refusing to set aside the judgment of forfeiture entered by the justice, on motion and on the showing made by the affidavits filed in support of such motion.

It follows that there is no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed Oct. 31, 1890.