No. 21,900.

THE STATE OF KANSAS, *Appellant,* v. MIKE WILLIFORD, O. A. CORTRIGHT and O. L. COOK, *Appellees.*

SYLLABUS BY THE COURT.

RECOGNIZANCE—*Forfeited—Prisoner Subsequently Produced—Forfeiture Properly Set Aside—Costs.* In an action upon a forfeited recognizance, where it is shown that after the default of the principal, the bail surrendered him to the sheriff, that he thereupon pleaded guilty, was sentenced by the court, served his term in the county jail, and had been discharged, and the court is satisfied that his absence did not occur with the knowledge, consent, or connivance of the bail, an order setting aside the forfeiture, and discharging the bail from liability on the condition of their payment of all the costs and expenses of apprehending the principal, and the payment of all costs in both proceedings, is sustained as being in accordance with justice and fairness.

Appeal from Trego district court; JACOB C. RUPPENTHAL, judge. Opinion filed February 8, 1919. Affirmed.

*S. M. Brewster,* attorney-general, and *John R. Parsons,* county attorney, for the appellant.

*Herman Long,* of Wakeeney, for the appellees.

The opinion of the court was delivered by

PORTER, J.: In an action upon a forfeited recognizance, the answers of the bail alleged that after the default of the principal they had surrendered him to the sheriff; that he had thereupon pleaded guilty to the charge against him, had been sentenced by the court, had served his sentence in the county jail, and had been discharged; and that his absence at the term of court when the recognizance was forfeited did not occur with their knowledge, consent or connivance, but was caused by his serious illness while in the state of Wyoming. They of-

fered to pay, and alleged that they had paid, all costs in the criminal action, as well as in the civil action, and asked to be discharged. In the civil action a judgment against one of the bail had been taken by default at a previous term of court, and an application was made to vacate the judgment as to him. At the same time, a motion was filed in the criminal action to set aside the order of forfeiture. The court tried the entire controversy as one action, and sustained the defendants' motions. The order of forfeiture was set aside, the judgment against one of the bail was vacated, and an order was made releasing the bail from liability, on condition of their payment into court of any balance due the sheriff as expenses for apprehending the principal; and they were required to make full payment of the costs in both proceedings.

The plaintiff appeals, and assigns as error the ruling setting aside the order of forfeiture in the criminal action, and the order releasing the bail from liability for less than the $300 named in the recognizance.

One objection urged to the course followed by the trial court is that the recognizance fixed the liability of the bail for the full amount and interest from the date of forfeiture, and it is insisted that the trial court, in effect, held the defendants liable upon the recognizance, but erroneously fixed their liability at less than $300.

As we construe the judgment, however, the court, having sustained the motion to vacate the judgment of forfeiture, held that in view of the surrender of the principal to the sheriff, and the fact that he had entered a plea of guilty, had been sentenced, had served his term and had been discharged, justice and fairness required the release of the bail from all liability upon the recognizance; but the court imposed the condition that they pay the costs of the proceedings.

In both briefs, section 8063 of the General Statues of 1915 is referred to. That section provides, in substance, that the bail may be discharged after forfeiture and before final judgment on the recognizance, by surrendering his principal, paying costs, and presenting a satisfactory excuse for the default of the principal. Section 8067 declares that the action on the recognizance shall be, as far as applicable, governed by the rules of civil pleading. When the court had vacated the judg-

The State v. Williford.

ment of forfeiture, there was no final judgment on the recognizance, and the situation was the same as though the bail had made their application for discharge when the civil action was first commenced.    It is said in the briefs that there was no evidence offered to show any excuse for the default of the principal, but none of the evidence has been brought up, and besides, all that was required was for the court to be satisfied that the bail had acted in good faith, and that there existed a reasonable excuse for the default of their principal.

Indeed, it is difficult to see how the court could in justice have held otherwise.    As suggested in defendants' brief, this court made a similar order in *The State v. Williams* (Supreme Court Journal "D D," p. 147), after a judgment of conviction had been sustained, the decision sustaining the judgment being reported in 60 Kan. 837, 58 Pac. 476, and on rehearing in 61 Kan. 739, 60 Pac. 1050.    There the recognizance was forfeited, and subsequently an action was commenced in the lower court upon the recognizance.    The bail filed a motion in this court asking that the order of forfeiture be vacated, assigning as reasons that the principal honestly believed that the time had not arrived for him to surrender himself, and further, that they had caused his arrest and delivery to the sheriff.    It also appeared that after they procured his arrest, he escaped from the sheriff; that they again caused him to be arrested, surrendered him to the sheriff, and that he was duly imprisoned in the penitentiary to serve his sentence.    On these facts this court sustained the motion of the bail for their discharge, and set aside the order of forfeiture, but ordered the bail to pay the costs of the application.    (See Journal "DD," *supra*.)

It is probably true that the statute (Gen. Stat. 1915, § 8063) was not intended to cover the precise situation which arose in the present case, but that the language of the statute and its general policy are broad enough to authorize the trial court to do justice in such a situation, we have no doubt.

The judgment is affirmed.