No. 30,541.

THE STATE OF KANSAS, *Appellee,* v. R. E. EMERSON et al.,
*Appellants.*

No. 30,594.

THE STATE OF KANSAS, *Appellee,* v. R. E. EMERSON et al.,
*Appellants.*

No. 30,673.

THE STATE OF KANSAS, *Appellee,* v. J. H. IRVIN and S. B. LEBEN,
*Appellants.*

(11 P. 2d 702.)

Opinion filed June 4, 1932.

*Dempster O. Potts, R. G. Bennett* and *Dallas M. Potts,* all of Wichita, for the appellants.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, *R. C. Woodward,* county attorney, and *C. Glenn Morris,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: These were two criminal actions where a bond was forfeited by the court and a third action that was brought by the state to collect on the forfeiture. Judgment was for plaintiff. Defendants appeal. The three cases have been consolidated in this court.

The facts are simple. R. E. Emerson was arrested by federal authorities and charged with violating the Volstead act. He gave bond to appear in federal court. While he was at liberty on this bond he was arrested in two different cases by the state authorities

for violating the prohibitory law in Butler county. He waived his preliminary hearing and gave bond for his appearance at the March, 1931, term of the district court of Butler county. His bondsmen in these two cases did not know about the bond that he had given to appear in federal court. He did appear on the first day of that term and his case was set for March 16, 1931. On that day he' did not appear and his bond was forfeited. It afterwards developed that the reason he did not appear was that between the first day of the March term of court in Butler county and the 16th of March, when he was supposed to appear in that court, he had gone into federal court, pleaded guilty to the charge pending there and had been sentenced to the federal penitentiary at Leavenworth for eighteen months. On March 16, 1931, when his cases were called for trial in Butler county, he was in the penitentiary at Leavenworth under sentence from federal court. On March 16 he was not present, either in person or by counsel, and the bonds were ordered forfeited. The facts as they have been detailed heretofore were called to the attention of the court in a motion to set aside the forfeiture. In these motions the bondsmen offered to deliver the defendant for trial in the district court of Butler county immediately upon the completion of his sentence in the federal penitentiary. This sentence was for eighteen months and at the utmost would entitle the defendant to his release not later than August 12, 1932. These motions were denied. Appeals were taken in these cases at once to this court.

Pursuant to the orders forfeiting the bonds in the two criminal cases suit was instituted by the state to collect the amount of the two bonds. The facts were set out in the pleadings about as they have been set out here. In their answer the bondsmen claimed that the facts as recited constituted a valid excuse for their not having Emerson before the district court of Butler county, and that the order forfeiting the bond and finding that Emerson had no excuse for not appearing, was void. The answer further stated that the bondsmen could and would produce Emerson before the state court as soon as he should be released from the federal penitentiary, which it was alleged would not be later than eighteen months from March 12, 1931. The prayer of the answer was that the cause should be abated and case continued till eighteen months from March 12, 1931, or that judgment should be for defendants notwithstanding the failure to continue. The state filed a motion for

judgment on the pleadings. At the hearing on this motion and at the hearing on the motion to set aside the orders forfeiting the bonds the facts appeared about as they are detailed here. In addition, in the colloquy that transpired between counsel and the court, it appeared that counsel for the bondsmen offered to bring Emerson to court and submit him to be tried. It was stated, however, that if this were done and he should be convicted and sentenced to confinement by the state court, he could not start serving that sentence till he had finished serving his sentence in the federal penitentiary. The position taken by the counsel for the state, however, was that the only thing that would prevent the bonds being forfeited would be for the federal authorities to surrender Emerson to the jurisdiction of the state court with the understanding that should he be convicted and sentenced to confinement he would serve his state sentence at once. The practical result of this position was that the trial of Emerson was continued by necessity for eighteen months. The bonds were forfeited and the state lost the advantage of a speedy trial of its case. Regardless of the matter of the forfeiture of the bonds, it is quite a common practice for the state to ask that a federal prisoner be turned over to the state authorities for trial with the understanding that he be turned back to the federal authorities to finish his sentence when the trial is over. That could have been done in this case. It is difficult to see how the state could have been harmed by permitting Emerson to serve his sentence in the federal penitentiary before he should serve any sentence that might be given him in the state court.

We conclude that it was an abuse of discretion on the part of the trial court to order a forfeiture of the bonds in the two criminal cases. The order will be that all three cases be remanded to the district court with instructions to this effect: If Emerson presents himself or his bondsmen deliver him to the jurisdiction of the district court of Butler county within ten days of the date of his discharge from the federal penitentiary, then the order of forfeiture in the two criminal cases and the judgment in the civil case shall be set aside and held for naught. In case, however, Emerson does not present himself or his bondsmen do not deliver him to the jurisdiction of the district court of Butler county within ten days of his discharge from the federal penitentiary, then the order of forfeiture in the criminal cases and the judgment in the civil case will be affirmed. It is so ordered.