No. 31,365

THE STATE OF KANSAS, *Appellee*, v. P. W. MONTAGUE, J. A. JOHNSON and ELLA MONTAGUE, *Appellants*.

(27 P. 2d 222.)

Opinion filed December 9, 1933.

*Rolla W. Coleman, John W. Breyfogle, Jr.,* and *James M. Rader,* all of Olathe, for the appellants.

*Clayton Brenner* and *S. T. Seaton,* both of Olathe, for the appellee.

The opinion of the court was delivered by

SMITH, J.:   This was an action by the state on an appearance bond.   Judgment was for plaintiff.   Defendants appeal.

P. W. Montague was arrested on May 9, 1931, charged with a violation of the prohibitory laws.   On May 29, 1931, he entered into a recognizance for his appearance in the district court of Johnson county on September 8, 1931.   This recognizance was signed by P. W. Montague, J. A. Johnson and Ella Montague.   Johnson was a nonresident of Kansas, and the sheriff refused to accept him on the recognizance until Johnson had assigned to him certain building and loan certificates.

Montague did not appear for trial on September 8.   On September 9, 1931, an order was entered forfeiting the recognizance.   A bench warrant was issued for Montague, and the county attorney was ordered to proceed with the collection of the bond.

On October 31, 1931, Johnson brought Montague to the courthouse in Olathe stating that he wanted to give a new bond for Montague.   While they were at the courthouse Montague was arrested on the bench warrant issued on September 9.   On January 23, 1932, Johnson filed a motion to set aside the forfeiture.   This motion was heard by the district court and denied.   No appeal was taken from that order.

This suit to collect on the forfeited recognizance was begun on January 4, 1932, so that the motion to set aside the forfeiture was made in the criminal case while the civil suit was pending.   This is not important, except that it shows that with the suit pending defendant Johnson chose to go into the criminal case and ask that the forfeiture be set aside.   Johnson, the defendant, filed his answer in which he admitted the execution of the recognizance.   The answer denied that the instrument was a valid and binding instrument for

the reason that it was not made, executed and delivered and filed in the district court in the manner prescribed by statute.

The answer then admitted that Johnson executed and delivered to the sheriff certain building and loan stock to be held as collateral security to the appearance bond. Defendant then denied that the assignment was valid for the reason that the instrument was not a legal or valid appearance bond, and for the reason that the sheriff demanded the assignment to him of the building and loan stock as condition to accepting the recognizance, and neither the sheriff nor the court had authority to require collateral on an appearance bond and such a requirement makes the bond illegal and void.

Paragraph 4 of the answer then admitted that Montague failed to appear on the day set, but said the forfeiture should not have been made by the court for the reason that Montague was seriously ill and in need of an operation for hernia and on that date was in a hospital in Kansas City undergoing treatment, and that on account of this illness it was physically impossible for defendant Johnson to produce Montague in court on September 8, 1931.

Paragraph 5 of the answer further alleged that Montague's attorney had an arrangement with the county attorney of Johnson county whereby the case of *State v. Montague* was to be continued from the September term to the January term, and on account of this arrangement Montague did not have his appearance and that Johnson, having been informed of the continuance and believing Montague too ill to be in court, did not appear.

Paragraph 6 of the answer then denied that Johnson was indebted to the state of Kansas on the recognizance, for the reason that it was illegal and void, and for the further reason that Johnson had fully complied with the provisions of R. S. 62-1221 by surrendering Montague to the proper officials after forfeiture of the recognizance and before final judgment on it, and that at the same term of court Montague had pleaded guilty and received sentence and Johnson had paid the costs in the criminal case and would pay the costs in the civil case on order of the court; that the defendant, J. A. Johnson, has presented a satisfactory excuse for the failure of Montague to comply with the conditions of the appearance bond and that, therefore, Johnson should be discharged from any liability; that the failure of P. W. Montague to appear before the court at the time stipulated in the bond was not due to any lack of good faith, fraud or collusion on the part of Johnson, and that he had at all times

kept faith with the court, and the reason for Montague's failure to appear at the time above stated was believed by Johnson to be for the reasons set out.

It should be noted here that the hearing on the motion to set aside the forfeiture was on affidavits furnished by both parties. The matter contained in the motion and the affidavits covers the same facts that are set up in paragraphs 4, 5 and 6 of the answer of Johnson.

Upon the filing of this answer the state filed a motion asking the court to determine that the matter set up in the answer of Johnson had been fully litigated in the motions to set aside the forfeiture. On the hearing of this motion the court examined the files in the criminal case and found that the matters set up in paragraphs 4, 5 and 6 of the answer of Johnson were *res adjudicata* and not available to defendant Johnson in this case. After this order counsel for the state moved the court for judgment on the pleadings, and it was allowed.

It is from that judgment this appeal is taken.

Defendant Johnson argues that he complied with the terms of R. S. 62-1221. That section is as follows:

"The bail, at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court or to the sheriff, and upon payment of all costs, and upon presenting a satisfactory excuse for the failure of his principal to comply with the conditions of said recognizance, may thereupon be discharged from any further liability thereon."

He argues that action upon a motion filed pursuant to that section is not a final adjudication by the court as to liability on the recognizance, and that no final judgment is obtained until the suit has been filed in accordance with the terms of R. S. 62-1225. That section is as follows:

"The prosecuting attorney may at any time after the adjournment of the court proceed by action against the bail upon the recognizance. Said action shall be governed by the rules of civil pleading as far as applicable."

The argument is that action under this section is necessary before there can be any binding adjudication on a recognizance. It is true that it takes an action under that section to support a judgment upon which an execution may issue. That, however, is not the question we have before us. The trial court only held that the order of the district court on the motion to set aside the forfeiture was final as to whether the excuse set out in the motion was a satisfactory one. That is the language of the statute. The surrendering of the prisoner

does not give one an absolute right to have a forfeiture set aside. It is only provided that the forfeiture may be set aside if a satisfactory excuse is furnished. That means satisfactory to the court that ordered the forfeiture in the first place. Under such language the trial court has wide latitude in determining whether the excuse is satisfactory. The excuse, however, is not a matter that can be pleaded as an absolute defense in a suit on the recognizance. Defendant cites and relies on cases that hold that an execution cannot issue on an order forfeiting a recognizance, and on cases that hold that a surety on a recognizance has a right to come into court and show why he did not have his principal in court on the day set.

In the cases of *State v. Williford,* 104 Kan. 221, 178 Pac. 612, and *State v. Emerson,* 135 Kan. 563, 11 P. 2d 702, the motions to set aside the forfeitures and the issues raised by the petition and answer on the recognizance were consolidated and heard as one action. That could have been done in this action, but with the suit on the recognizance pending defendant elected to file his motion to set aside the forfeiture and to cause its consideration and determination by the court as to the satisfactoriness of his excuse. To permit him to raise the question again in the suit on the recognizance would be to accord to him two opportunities to try out the same issue in the same court.

The rule is stated in 34 C. J. 883, as follows:

"Decisions made in the course of special or ancillary proceedings, not formally to be classed as actions at law, but incidental to the progress of litigation, are conclusive upon the points or questions actually decided, provided they are made upon a contest or upon opportunity given to the parties concerned to be heard, and are not purely *ex parte.*"

The situation is analogous to that where a motion is made to dissolve an attachment. A hearing is had upon the merits after the notice and hearing. In such cases this court has held that the decision on the motion to dissolve the attachment was *res adjudicata* of the questions raised in the motion. (See *Hoge v. Norton,* 22 Kan. 374.) In that case suit was brought on an attachment bond. The trial court had sustained a´ motion to dissolve the attachment on two grounds: First, that the allegations of the attachment affidavit were untrue; and second, that the plaintiff's petition did not justify attachment. The defendants in the action on the attachment bond argued that the mere fact that the attachment was discharged did not prove it was wrongfully obtained. In answering that argument the court said:

"All that is presented is whether, after an order of dissolution made according to the record upon the merits, the matter may be again examined as an original question in an action on the bond upon oral testimony before a jury; and this question we are constrained to answer in the negative." (p. 376.)

See, also, *Hillyer v. Biglow*, 47 Kan. 473, 28 Pac. 150; *Grocer Co. v. Alleman*, 81 Kan. 543, 106 Pac. 460; also, *Parish v. Brokerage Co.*, 92 Kan. 286, 140 Pac. 835. In those cases the orders of the trial court sustaining or overruling a motion to dissolve the attachment were held to be *res adjudicata* as to all matters properly raised in the motion and at the hearing thereon.

Defendant argues that this rule is not in point here because the order refusing to set aside the forfeiture was not appealable.

R. S. 60-3303 provides as follows:

"A final order which may be vacated, modified or reversed as provided in this article is an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment."

We hold that the motion to set aside the forfeiture of the bond was a special proceeding and the order refusing to set aside affected a substantial right. This court passed on a question similar to this in *Randolph v. Simon*, 29 Kan. 406. This was a case where a debtor had given a bond not to go beyond the limits of the county. The district court made an order permitting the imprisoned debtor to go to Illinois to visit his wife. It was contended that the order was void, and that therefore there had been a breach of the bond. This court said:

"Power is given by the statute to the court to grant a discharge on account of inability. Application was made under this statute. Notice of the application was given to the adverse party. Both parties were present, a showing was made, and the court acted. There was therefore a hearing before a competent tribunal, with jurisdiction of both parties; and the order made after such hearing cannot be adjudged void. Whether the court erred in its ruling upon the facts, whether the order was or was not erroneously made, can only be determined by proceedings in error. As long as there was enough to challenge judicial action, the order cannot be declared void in a collateral proceeding." (p. 411.)

The decision in that case was followed in *Comm'rs of Wilson Co. v. McIntosh*, 30 Kan. 234, 1 Pac. 572. In that case a motion to retax costs was decided by the trial court in an action for the sale of real estate for taxes. In a subsequent action against the sheriff on his bond for the costs, this court held that the matter was *res adjudicata*

on account of the action on the motion and that the action on the motion was a final order subject to review in this court. The same sort of question was considered in *Shattuck v. Wolf*, 72 Kan. 366, 83 Pac. 970. In that case this court said:

"Finally, it is urged that the court undertook to try and determine the title to personal property in a summary manner, upon a mere motion, without formal pleadings and without a jury, with the result that the plaintiff was turned out of court. The motion, however, distinctly asserted ownership of the note and mortgage and set forth clearly the facts relating to the claimant's title, and when the matter was called up in court for disposition the plaintiffs in error, without making any request that formal pleadings be filed, without making any suggestion that the matter should be tried as if it were of the nature of an interplea, without asking that it should go over to be heard with the merits, without any demand for a jury, and without any objection whatever to the form of the proceeding, announced themselves ready for trial and proceeded to try the title to the note and mortgage in controversy. A record was made as in any other case, and the plaintiffs in error have abundantly shown that they have a complete and unhampered right to review in this court." (p. 371.)

Decisions from other jurisdictions on this point are: *Dunn v. State*, 65 Okla. 233; *State v. Hines*, 37 Okla. 198; *Hines v. State*, 39 Okla. 638; *Lawrence v. Mason*, 65 Okla. 199; *Melton v. State*, 46 Okla. 487; *People v. Young*, 36 N. Y. Supp. 547; *Day v. State*, 125 Ind. 582, and *State v. Sorenson*, 48 Utah 663.

We have reached the conclusion that the order in this case refusing to set aside the forfeiture was appealable.

In the case at bar the sole question raised by paragraphs 4, 5 and 6 of the answer was on the matter of whether the excuse for not having Montague in court was satisfactory. That was the sole question raised and heard on the motion to set aside the forfeiture. We hold that the matter contained in paragraphs 4, 5 and 6 of the answer was *res adjudicata*, having been settled by the action of the trial court on the motion to set aside the forfeiture.

It will be noted that after the trial court had passed on the motion of plaintiffs and held the matter raised in the paragraphs spoken of was *res adjudicata* the plaintiff then filed a motion for judgment on the pleadings. The court sustained this motion. Defendant argues here that paragraphs 2 and 3 of the answer alleged a good defense to the cause of action, and that even though it should be held that the matters set out in paragraphs 4, 5 and 6 of the answer were *res adjudicata* still he was entitled to a trial on the issues raised in paragraphs 2 and 3 of his answer.

.

In paragraph 2 of the answer it alleges the recognizance is "illegal and void" for the reason that it was not "executed, delivered and filed in the district court of Johnson county in the manner prescribed by law." Such an allegation is a conclusion of law. It does not state any fact upon which an issue may be raised. Facts are urged in the brief of defendant upon which they argue that this claim is based, but they do not appear in the record. In *Ladd v. Nystol,* 63 Kan. 23, 64 Pac. 985, this court said:

"It will be observed that the last two of the above-quoted allegations of fraud were of the most general character. No specific facts and circumstances were stated in them, and therefore, no issue was presented by such parts of the petition. The decisions are full to the effect that general averments of fraud and illegality, without stating the facts upon which the charges are based, present no issue, and evidence thereunder is not admissible." (p. 26.)

See, also, *Kansas Gas & Electric Co. v. Public Service Com.,* 122 Kan. 462, 251 Pac. 1097.

The allegations in the second paragraph of the answer state no facts that constitute an answer to the cause of action pleaded in the petition and, standing alone, were subject to a demurrer.

The third paragraph of the answer alleges that the recognizance was not a valid or legal appearance bond because the sheriff demanded that a building and loan certificate be deposited with him before he would accept and approve the recognizance and that the sheriff had no authority to make any such requirement.

Defendant makes this argument under the authority of *Roberts v. State,* 34 Kan. 151, 8 Pac. 246. In that case the district court had fixed the bond at $1,200. The sheriff had required a bond of $1,250. The court held the entire bond invalid because the sheriff had no authority to require a bond in excess of the amount fixed by the court.

That is not the case we have here. In this case the person offering himself as a bondsman did not live in the state. Without some security the sheriff could not accept him on the bond at all. The requirement that he deposit the building and loan certificate did not increase his liability on the recognizance. It only made it certain that it could be collected if there was a default. We see nothing wrong about the sheriff making this requirement. There was no statement of fact in paragraph 3 of the answer that would make a defense to the cause of action alleged in the petition.

The record discloses that at the conclusion of the hearing on the

motion to construe the allegations in paragraphs 4, 5 and 6 to be *res adjudicata* the plaintiff asked the court to construe the motion as one for judgment on the pleadings. This required an examination of paragraphs 2 and 3, which have just been discussed. The court did so, and concluded that with paragraphs 2 and 3 standing alone the answer did not state a defense to the petition. This was the correct conclusion.

Plaintiff argues that his motion for a change of venue should have been sustained. The ground for this motion was that the court had stated in the journal entry overruling the motion to set aside the forfeiture that he had seen Montague on the streets of Olathe, apparently in good health, two days before the day when he should have appeared in court. The argument is that this statement disclosed that the judge of the district court made a witness of himself, and that disqualified him from sitting as a court.

The only ruling we have here is in the action upon the recognizance. The conclusion reached by the trial court in that case did not require the introduction of any evidence. Hence, the facts set out in the journal entry on the motion to set aside the forfeiture of the action on the recognizance could not have prejudiced the court. Moreover, even if the question had been one that required evidence, the fact that the court had seen the defendant two days before the period during which he afterwards claimed he was sick is not evidence that he would be prejudiced on the consideration of a question of whether he was sick two days later. The court read the affidavit and found that he was not prejudiced. That ended the matter. (See *Hipple v. Hipple,* 128 Kan. 406, 278 Pac. 33.)

The judgment of the trial court is affirmed.

HUTCHISON, J., not sitting.