No. 36,322

THE STATE OF KANSAS, *Appellee*, v. H. J. WATERS, *Appellant*.

(178 P. 2d 1012)

Opinion filed April 5, 1947.

*Hal C. Davis,* of Topeka, argued the cause, and *John S. Haney,* of Topeka, was with him on the briefs for the appellant.

*Robert M. Finley,* county attorney, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action to recover upon the forfeiture of an appearance bond given to secure the appearance of the defendant in a criminal case. Judgment was for plaintiff. The defendant appeals.

The petition alleged McCormick was arrested and bound over to appear for trial in the district court on the first day of November, 1943, at 9 o'clock; that his bond was fixed at $1,000 and he as principal, and defendant as surety, gave a bond for his appearance in court on that day; that at 9 o'clock on November 1, the state was present and McCormick was present by his attorney; that the case was continued until 1:30 on that day, at which time the attorney

informed the court that McCormick was confined in the Nebraska state penitentiary at Lincoln, Neb., and would not be present; that the bond was thereupon forfeited by the court; that demand had been made upon defendant for the payment of the amount of the bond, but defendant had refused to pay it. Judgment was asked in the amount of $1,000 with interest.

The terms of the recognizance were that McCormick and defendant were bound to pay $1,000 to the county; that defendant should be in court on the first day of November, and that if he was in court the bond should be void and if not it was to remain in force. The journal entry of the forfeiture was to the effect that McCormick was not present in court either at 9 o'clock in the morning of the appointed day or at 1:30 that afternoon; that his attorney had said he was confined in the state penitentiary at Lincoln; that the bond was thereby forfeited.

To this petition the defendant in this action filed motions to make more definite and certain and to strike. These motions were all overruled. The defendant in this action then filed a demurrer, which was overruled. The defendant then filed an answer admitting the arrest and arraignment of McCormick and that he had been bound over; that McCormick and he had given the bond and that McCormick was not present in court on the day the case was set. The defendant then pleaded that McCormick was not present because he was incarcerated and serving a sentence in the state penitentiary of Nebraska; that he had been so incarcerated since the 21st day of September, 1943, and would not complete his sentence until March 16, 1945, unless paroled pursuant to the laws of the state of Nebraska during the month of December, 1944; that the defendant was powerless to secure the appearance of McCormick in the district court on the first day of November, 1943, and should be by the court granted a reasonable time after the release of McCormick from the Nebraska penitentiary in which to produce him; that he was entitled to have the court set a time after his release for his production in court.

The defendant further alleged in his answer that on the first day of November, 1943, McCormick was not duly and regularly called to appear before the sheriff of Brown county, Kansas, and that the bond, therefore, was not duly and regularly forfeited.

The prayer of the answer was that defendant be allowed a reasonable time after the release of McCormick to produce him in court

and that plaintiff be not allowed the relief prayed for in the petition, and for costs.

To this answer the plaintiff filed a motion for judgment on the pleadings. This motion was sustained. The court in sustaining the motion for judgment on the pleadings found that McCormick was not present at the time fixed; that he left the state without the court's permission; that defendant failed to keep him within the jurisdiction of the court or to produce him for trial at the time stated.

Judgment was given for the plaintiff in the amount of $1,000.

The defendant appeals from the judgment sustaining the motion for judgment on the pleadings. This judgment was entered November 21, 1944. The notice of appeal was filed November 25, 1944. The appellant filed a supplemental abstract in which he called attention to various matters that transpired in the district court after the appeal was perfected.

Amongst these matters is the fact that when McCormick was released from the penitentiary at Lincoln he was brought back to Brown county, released on bond and on February 7, 1946, sentenced to the penitentiary at Lansing. For obvious reasons we cannot consider events that transpired in the trial court after the appeal was taken. They are no proper part of this record.

The appellant argues that since the defendant in the criminal case later appeared, was admitted to bond and pleaded guilty the state was not injured, and at the time the forfeiture was ordered the state knew the accused was in the Nebraska state penitentiary and that it could procure his appearance when his term expired, hence the court should have granted time to the bondsman to produce the accused in the district court. As we have already remarked, we cannot consider in this appeal the fact that the defendant later appeared and pleaded guilty. It is not presented to us by the record here. The weakness of the appellant's argument here lies in the fact that he states the state knew the accused was incarcerated in the Nebraska state penitentiary and that it could secure his appearance when he had served his sentence. That was not called to the attention of the trial court in any formal manner, however, when the bond was forfeited. The bondsman saw fit to wait until this action upon the recognizance was begun before he asked for any additional time. He should have, at the time the defendant was called for and did not appear, stated the facts and

asked that the forfeiture be withheld until such time as he could produce his principal; or, failing in that, he should have filed a motion asking that the forfeiture be set aside on the ground it was impossible at that time to produce the defendant in the criminal case, but that he would be produced in due time. The trial court could have then passed upon the sufficiency of his excuse.

What we held in *State v. Montague,* 138 Kan. 696, 27 P. 2d 222, is analogous to the question here. In that case the defendant in the criminal case did not appear and his bond was forfeited. Action was commenced against the bondsman to enforce his liability on the bond. While that action was pending the bondsman filed a motion to set aside the forfeiture. This motion was heard by the district court and denied. No appeal was taken from that order. In the action on the bond the defendant admitted the defendant in the criminal case had failed to appear, but said that the forfeiture should not have been made because he was seriously ill in a hospital on the day when he should have appeared, and on that account it was physically impossible for the bondsman to produce him on the day named. Other defenses were also pleaded. That case turned upon the fact that no appeal was taken from the order overruling the motion to set aside the forfeiture and that the order overruling that motion was *res judicata* as to all matters pleaded in the answer. The bondsman argued, as does the bondsman here, that he had complied with G. S. 1935, 62-1221. That section provides as follows:

"The bail, at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court or to the sheriff; and upon payment of all costs, and upon presenting a satisfactory excuse for the failure of his principal to comply with the conditions of said recognizance, may thereupon be discharged from any further liability thereon."

Here the bondsman did not make any effort to present a satisfactory excuse as to why he did not produce defendant, neither did he ask that the forfeiture be set aside until the action was commenced on the bond and he filed his answer. We held in *State v. Montague,* supra, that the motion to set aside the forfeiture was a special proceeding and that a denial of it was a final order from which an appeal could be taken.

Appellant cites and relies on *State v. Stanley,* 104 Kan. 475, 179 Pac. 361. In that case the defendant in a criminal case had committed suicide before the time for him to appear as provided in his bond. We held that his committing suicide was a satisfactory excuse.

Appellant also relies upon what we said in *State v. Emerson*, 135 Kan. 563, 11 P. 2d 702. In that case the defendant in the criminal case was at liberty on bond from the federal court. While at liberty on that bond he violated the state prohibitory law in Butler county, was arrested, waived his preliminary hearing and was set at liberty upon a recognizance to appear in the district court of Butler county for trial. When the case was called in Butler county he was in the penitentiary serving a sentence from the federal court, so he could not be present. His bond was forfeited. Counsel for the bondsman did what we are holding the counsel for the bondsman should have done in this case. They called all those matters to the attention of the district court of Butler county on a motion to set aside the forfeiture. In those motions they offered to deliver the defendant to the Butler county district court when his sentence should have been completed in the federal penitentiary at Leavenworth. This motion to set aside the forfeiture was overruled and action commenced on the bonds. We pointed out that the only thing the state had suffered was the delay in the trial of Emerson in the state court, and that it was common practice for the state to ask that a federal prisoner be turned over to the state authorities for trial with the understanding that he be turned back to the federal authorities to finish his sentence when the trial was over. The surety on a recognizance bond in a criminal case if he is unable to produce his principal on the day set for him to appear in the district court for trial and the bond is forfeited should bring to the attention of the trial court the matter of whatever excuse he has for such failure either by asking for delay in the bond forfeiture or that the forfeiture, when once made, be set aside. No such action as that was taken here. He cannot wait until the action upon the bond is commenced, then for the first time ask additional time to produce his principal.

Appellant Waters argues that it was an abuse of discretion for the trial court to deny the prayer in his answer for additional time because McCormick was incarcerated. Appellant argues vigorously the effect of the fact that later McCormick did serve his time in Nebraska and appeared in the district court of Brown county and was there sentenced. The trouble about all that is that when the judgment was given on the bond neither the court nor the parties could be sure the defendant in the criminal case would be produced in Kansas. There was the uncertainty attendant upon the extradition

proceedings and general expense that the state would be forced to incur thereby.

Appellant also argues here that he stated a defense in his answer when he alleged that the defendant in the criminal case was not properly called on November 1, at Hiawatha. The trouble about that argument is the appellant in his answer admitted that he informed the court McCormick was incarcerated in the penitentiary at Lincoln and could not be produced. The fact that the court did not instruct the sheriff or bailiff to do what was obviously a vain and useless thing does not affect the surety upon the bond.

The judgment of the trial court is affirmed.